BRANDON J. ADAMS v. KIM ELAINE ADAMS

No. 939DC908

(Filed 7 June 1994)

**Divorce and Separation § 119 (NCI4th)— equitable distribution—reduction of separate debt with marital property—distributional factor**

A reduction in the separate debt of a party to a marriage, caused by the expenditure of marital funds, is, in the absence of an agreement to repay the marital estate, neither an asset nor a debt of the marital estate; rather, such reduction is properly considered as a distributional factor within the context of N.C.G.S. § 50-20(c)(12).

**Am Jur 2d, Divorce and Separation §§ 879, 880.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

ADAMS v. ADAMS

[115 N.C. App. 168 (1994)]

Appeal by plaintiff from order filed 29 July 1993 in Person County District Court by Judge J. Larry Senter. Heard in the Court of Appeals 10 May 1994.

*Ronnie P. King, P.A., by Ronnie P. King, for plaintiff-appellant.*

*Farmer & Watlington, by R. Lee Farmer and W. Richard Anderson, for defendant-appellee.*

GREENE, Judge.

Appeal by Brandon J. Adams (plaintiff) from an equitable distribution "order" filed 29 July 1993 by the District Court of Person County.

Plaintiff and Kim Elaine Adams (defendant) were married on 23 February 1991 and separated on 28 October 1991. At the time of the marriage, plaintiff owed numerous personal debts, including: $683.05 to J.C. Penney Company, $920.00 on a First Bank Master Card, $560.00 to Lowe's, $600.00 to Sears, $282.00 to Person County Memorial Hospital, two debts totalling $17,502.00 to American National Bank, $1,642.00 to the Internal Revenue Service, and $174.00 to the North Carolina Department of Revenue. These debts totalled $22,914.92. On the date of separation, plaintiff's separate debts had been reduced in the amount of $12,484.00 by the expenditure of marital funds as follows: the debts to J.C. Penney Company, Lowe's, Sears, the Internal Revenue Service, and the North Carolina Department of Revenue were paid in full; the debt on the First Bank Master Card had been reduced to $195.00; the debt to Person County Memorial Hospital had been reduced to $82.69; and the debts to American National Bank had been reduced to $9,571.31.

At the equitable distribution trial, the trial court classified the $12,484.00 reduction in plaintiff's separate debt as marital property.

---

The issue presented is whether the value of a reduction in a party's separate debt through the expenditure of marital funds may be classified as marital property.

Defendant argues that the value of the reduction in the plaintiff's separate debt is properly classified as marital because the net value of the marital estate would have been larger "[i]f these debts had not been paid." While it is true that the martial estate may very well have been larger had marital funds not been used to reduce plaintiff's sep-

arate debts, it does not, however, follow that the value of the reduction is properly classified as marital property.

Under our equitable distribution statute, only assets and debts are subject to classification as marital property. *See Huguelet v. Huguelet*, 113 N.C. App. 533, 536, 439 S.E.2d 208, 210 (1994); N.C.G.S. § 50-20(b)(1) (Supp. 1993). A reduction in the separate debt of a party to a marriage, caused by the expenditure of marital funds, is, in the absence of an agreement to repay the marital estate, neither an asset nor a debt of the marital estate. Such a reduction is properly considered as a distributional factor within the context of N.C. Gen. Stat. § 50-20(c)(12) (Supp. 1993).

In this case, there is no evidence of any agreement that plaintiff would repay the marital estate for the marital funds used to reduce his separate debts. Therefore, the trial court erred in classifying the value of the reduction of plaintiff's separate debt as marital property. Accordingly, the judgment of the trial court must be reversed and the case remanded for entry of a new judgment based upon the evidence presented at the 1 June 1993 hearing. In entering the new judgment, the trial court is not bound by the findings and conclusions made in its 29 July 1993 "order."

Reversed and remanded.

Chief Judge ARNOLD and Judge McCRODDEN concur.