### STATE v. DEWEY RAY.

(Filed 16 May, 1928.)

**Parent and Child—Duties and Liabilities of Parent—Action for Nonsupport—Issues—Abandonment.**

> Where the husband in an action for nonsupport of a child admits the nonsupport, but denies that he is the father, and introduces evidence in support thereof, an instruction that withdraws the question of the paternity of the child from the jury is reversible error. C. S., 4447; Public Laws 1925, ch. 290.

APPEAL by defendant from *Moore, J.,* at October Term, 1927, of YANCEY. New trial.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Charles Hutchins for defendant.*

ADAMS, J. The first count in the indictment charges the defendant with the wilful abandonment of his wife and children. C. S., 4447; Public Laws 1925, chapter 290; *S. v. Bell,* 184 N. C., 701. The second charges him with wilful neglect to provide adequate support for his wife and "the children which he, the said Dewey Ray, upon the body of his said wife had theretofore begotten." The jury returned this verdict: "Not guilty of abandonment—guilty as to nonsupport of the child." There is evidence tending to show that the child referred to is illegitimate. The following instruction was given the jury: "In this instance, the defendant himself admits that he has done nothing nor helped to support the child in any way whatever. If you find that beyond a reasonable doubt, that he abandoned the child and failed to support it, it would be your duty to render a verdict of guilty."

This instruction withholds from the jury all consideration of the question whether the defendant is the father of the child. Conviction was resisted primarily on the ground that the child had been begotten after the separation between the defendant and his wife had taken place. This contention was directly relevant to the alleged wilfulness of the nonsupport. *S. v. Johnson,* 194 N. C., 378. At the time of the trial the child referred to in the verdict was only ten weeks old. The statute does not impose upon a husband the burden of supporting another man's offspring. Indeed, the indictment limits this inquiry to the wilful abandonment of the defendant's own children. For the error assigned there must be a

New trial.