KAY FLINCHUM COLEMAN v. EARL WILSON COLEMAN, JR.

No. 8721DC781

(Filed 1 March 1988)

1. **Divorce and Alimony § 30— equitable distribution—valuation of marital home**

   The trial court erred in an equitable distribution action by reducing the market value of the marital home because of the risk of foreclosure where there was no evidence whatsoever that the possibility of foreclosure reduced the market value of the home as found by the trial court.

2. **Divorce and Alimony § 30— equitable distribution—consideration of abandonment—dissipation of marital home—proper**

   In an equitable distribution action which was remanded on other grounds, the trial court could not consider abandonment itself but could consider defendant's misconduct to the extent it dissipated the value of marital assets in determining whether equal is equitable. N.C.G.S. § 50-20(c)(12).

APPEAL by defendant from *Keiger, Judge*. Judgment entered 11 March 1987 in District Court, FORSYTH County. Heard in the Court of Appeals 7 January 1988.

*Cofer, Mitchell and Tisdale by William L. Cofer for plaintiff appellee.*

*Leonard, Tanis, Cleland & Porter by Joseph J. Gatto; and David F. Tamer for defendant appellant.*

COZORT, Judge.

The primary issue to be decided by this appeal is whether there is sufficient evidence to support the trial court's valuation of the marital home for purposes of equitable distribution of the marital property. We find no evidence to support the value set by the trial court, and we thus vacate the judgment and remand the cause for further proceedings.

Plaintiff-wife and defendant-husband were married on 9 August 1974, separated on 23 September 1983, and were granted an

absolute divorce on 18 December 1985. The case came on for equitable distribution of the marital property at the 23 February 1987 Session of Forsyth County District Court. Prior to the equitable distribution hearing, plaintiff and defendant had agreed on a division of most of the property. The court found two assets which qualified as marital property: (1) plaintiff's retirement benefits accumulated during the marriage; and (2) the marital residence. The trial court assigned a value to each asset, found that an equal division would be equitable, and ordered plaintiff, who was awarded the home, to pay to defendant one-half the net value of her retirement benefits and the home. Defendant appealed.

Although defendant brings forward six assignments of error in his brief, his arguments present two issues for our determination: (1) whether the trial court erred in finding that the net value of the marital home was $5,000.00; and (2) whether the trial court erred by finding that a jury had previously determined that defendant committed indignities against the person of the plaintiff and had abandoned the plaintiff. We first address the trial court's finding of the value of the marital residence.

[1] Generally, "[t]he trial court's finding of fact . . . are conclusive if supported by any competent evidence." *Lawing v. Lawing*, 81 N.C. App. 159, 162, 344 S.E. 2d 100, 104 (1986). In the case below, the trial court found that the property was appraised in October 1984 at $62,500.00. The court further found that the mortgage balance was $40,557.00. The court then found that, "because of its foreclosure status," the market value of the property at separation was only $45,557.00. Subtracting the mortgage balance, the court found the net value to be $5,000.00. We find no evidence in the record to support the court's finding that the risk of foreclosure reduced the market value of the residence at the date of separation to $45,557.00.

Defendant testified that the mortgage balance at the date of separation was $40,557.00. Both plaintiff and defendant testified that the appraised value of the residence in October of 1984, approximately a year after separation, was $62,500.00. Plaintiff testified that at the time of separation, foreclosure was imminent because of defendant's refusal to make mortgage payments. However, there was no evidence whatsoever that the possibility of foreclosure reduced the market value of the home to that found

($45,557.00) by the trial court. The trial court's conclusion of the amount of the reduced value is vague and nebulous. Such findings cannot be upheld on appeal. *Patton v. Patton*, 318 N.C. 404, 407, 348 S.E. 2d 593, 595 (1986). The cause must be remanded for the trial court to make additional findings of the value of the marital home at the time of separation. Since the only evidence of its value was the appraisal from October of 1984, the trial court may take additional evidence to better ascertain the value as of September of 1983.

The plaintiff argued in his brief that, when the defendant consented to the trial court's entering an amended judgment, which repeated the $5,000.00 valuation, the defendant consented to the valuation and is now bound by that figure. We disagree. Upon reviewing the record, we hold that the defendant consented only to the entry of an amended judgment, which is very similar to the practice of parties frequently consenting to the entry of a judgment out of county or out of term. In the amended judgment, the defendant renewed his exception to the court's finding of $5,000.00 as the net value of the house. The defendant consented only to the entry of the amended judgment and not to the findings contained therein.

[2] The second issue is whether the trial court erred by finding that the defendant had abandoned the plaintiff and committed indignities against the person of the plaintiff. We have elected to discuss this issue because it is likely to arise on remand. The defendant argues that the finding was a determination of marital fault and was irrelevant to the equitable distribution proceeding. We agree with defendant that marital fault is irrelevant in equitable distribution. However, it is not clear from the record below whether the trial court was considering the abandonment as marital fault, or as economic fault, which is an appropriate factor to consider in equitable distribution.

In *White v. White*, 312 N.C. 770, 776, 324 S.E. 2d 829, 832 (1985), the Supreme Court held that equal division of the marital property is mandatory unless the trial court determines that equal is not equitable. In *Smith v. Smith*, 314 N.C. 80, 81, 331 S.E. 2d 682, 683 (1985), the Supreme Court held that misconduct during the marriage which dissipates or reduces the value of the marital assets for non-marital purposes can be considered under

N.C. Gen. Stat. § 50-20(c)(12) in determining whether equal would be equitable. It can be inferred from the findings of fact made by the trial court below that the trial court considered abandonment only to the extent the abandonment resulted in a dissipation of the marital home. The finding of fact to which defendant objects and the three findings immediately thereafter read:

> 5. That a jury has heretofore determined that the defendant committed indignities against the person of the plaintiff and that he abandoned the plaintiff, without just cause or provocation, on September 22, 1983.
>
> 6. That shortly before abandoning the plaintiff, and at a time when the mortgage on their home was some three months in default and under threat of imminent foreclosure, the defendant told plaintiff and the mortgage holder (The Pfefferkorn Company) that he would contribute nothing further to mortgage payments and that the lender, for all he cared, could foreclose; (that, in point of fact, many of the payments defendant had made over the years were from monies plaintiff had borrowed from her credit union and advanced to him "to save his pride").
>
> 7. That the defendant made no further payments on the mortgage indebtedness, and the family residence was preserved only because plaintiff exhausted $12,000.00 she had inherited from her father to catch up arrearages and make subsequent mortgage installments.
>
> 8. That plaintiff did not intend to make a gift of her separate property (the $12,000.00 inheritance) to the defendant, the evidence being that she requested defendant to quitclaim his interest in the residence to her as a precondition to her redeeming it from foreclosure.

These findings, which are supported by evidence, could therefore be considered by the court in determining whether equal would be equitable. Thus, on remand, the trial court may consider defendant's misconduct to the extent it dissipates the value of marital assets in determining whether equal is equitable. The court may not consider abandonment itself, which is not germane to a division of marital property.

The trial court's equitable distribution judgment is vacated and the cause is remanded for further proceedings.

Vacated and remanded.

Judges PARKER and GREENE concur.