RAY SHAFTER RIGGS, PLAINTIFF v. RAMONA ASKEW RIGGS, DEFENDANT

No. COA95-1375

(Filed 3 December 1996)

## 1. Divorce and Separation § 134 (NCI4th)— equitable distribution—marital property—marital residence

The trial court did not err in an equitable distribution action by classifying the marital residence as marital property where the court found that, while an agreement to purchase the property was entered into before the marriage and the property was acquired in plaintiff's name, it was paid for with marital funds. It appears that the trial court weighed and considered all the evidence and found the defendant's evidence more credible.

**Am Jur 2d, Divorce and Separation §§ 878, 879, 903.**

## 2. Divorce and Separation § 119 (NCI4th)— equitable distribution—transferred property

The trial court did not err in an equitable distribution action by determining that a tract of land and a mobile home were marital property where the property was conveyed to plaintiff by his son and daughter-in-law during the marriage and reconveyed to his son and himself after the separation. The defendant met her burden of showing that the property was marital in that it was acquired by one of the spouses during the marriage, before the separation, and was presently owned at the time of the separation. Plaintiff failed to prove that it was his separate property in that the trial court observed that plaintiff's testimony was only marginally credible and that it was significant that plaintiff's son did not testify concerning the circumstances surrounding the transfer.

**Am Jur 2d, Divorce and Separation §§ 878-880.**

Divorce: equitable distribution doctrine. 41 ALR4th 481.

3. **Divorce and Separation § 119 (NCI4th)— equitable distribution—CD—portion as separate property—evidence insufficient**

The trial court did not err in an equitable distribution action by classifying a certificate of deposit as marital property where plaintiff contended that $9,677.67 of the CD (valued at $40,040) were his traceable, separate funds at the date of separation, but the only evidence that he produced was a savings withdrawal slip in the amount of $9,677.67. The trial court found that plaintiff had failed to produce any documentation of a deposit of $9,677.67 into any CD or account and that there was no other documentation tracing the origin of the funds in the CD. Plaintiff failed to carry his burden of showing that the $9,677.67 were his separate funds.

**Am Jur 2d, Divorce and Separation §§ 878-880.**

Divorce: equitable distribution doctrine. 41 ALR4th 481.

4. **Divorce and Separation § 119 (NCI4th)— equitable distribution—Visa    debt—marital    property—insufficient findings**

The trial court erred in an equitable distribution action by determining that a debt on a Visa card held in defendant's name was marital debt where the trial court did not make any findings to support its determination except to classify it as a marital debt. The only evidence in the record regarding the debt was defendant's statement during cross-examination that she had no documentation to show what purchases were charged to this Visa account.

**Am Jur 2d, Divorce and Separation §§ 878-880.**

Divorce: equitable distribution doctrine. 41 ALR4th 481.

Appeal by plaintiff from order entered 19 May 1995 by Judge John W. Smith in New Hanover County District Court. Heard in the Court of Appeals 11 September 1996.

RIGGS v. RIGGS

[124 N.C. App. 647 (1996)]

*Nora Henry Hargrove for plaintiff-appellant.*

*Johnson & Lambeth, by Maynard M. Brown and Carter T. Lambeth, for defendant-appellee.*

WALKER, Judge.

Prior to getting married on 25 May 1985, the plaintiff and defendant had been involved in a six and one-half year relationship, some part of which had been spent living together. The plaintiff filed suit seeking a divorce and equitable distribution. Following a hearing, the trial court ordered an unequal distribution of the marital estate in favor of the plaintiff. The plaintiff appeals from this order contending that the trial court erred in its classification of certain assets and debts as marital or separate.

The trial court has broad discretion in equitable distribution cases. In *Lawing v. Lawing*, 81 N.C. App. 159, 162, 344 S.E.2d 100, 104 (1986), this Court stated:

The General Assembly has committed the distribution of marital property to the discretion of the trial courts, and the exercise of that discretion will not be disturbed in the absence of clear abuse. Accordingly, the trial court's rulings in equitable distribution cases receive great deference and may be upset only if they are so arbitrary that they could not have been the result of a reasoned decision. The trial court's findings of fact, on which its exercise of discretion rests, are conclusive if supported by any competent evidence. The mere existence of conflicting evidence or discrepancies in evidence will not justify reversal. (Citations omitted.)

The trial court's determination "[a]s to whether property is marital or separate . . . will not be disturbed on appeal if there is competent evidence to support the findings." *Loving v. Loving*, 118 N.C. App. 501, 507, 455 S.E.2d 885, 889 (1995) (*citing Nix v. Nix*, 80 N.C. App. 110, 112-13, 341 S.E.2d 116, 118 (1986)). Furthermore, "formal errors in an equitable distribution judgment do not require reversal, particularly where the record reflects a conscientious effort by the trial judge to deal with complicated and extensive evidence." *Lawing*, 81 N.C. App. 163, 344 S.E.2d 104.

The trial court is responsible for identifying and classifying the property as either marital or separate. *Johnson v. Johnson*, 114 N.C.

App. 589, 591-92, 442 S.E.2d 533, 535 (1994). The burden of proof is as follows:

> The burden of showing the property to be marital is on the party seeking to classify the asset as marital and the burden of showing the property to be separate is on the party seeking to classify the asset as separate. . . . The party claiming the property to be marital must meet her burden by showing by the preponderance of the evidence that the property: (1) was "acquired by either spouse or both spouses;" and (2) was acquired "during the course of the marriage;" and (3) was acquired "before the date of separation of the parties;" and (4) is "presently owned."

*Atkins v. Atkins*, 102 N.C. App. 199, 206, 401 S.E.2d 784, 787-88 (1991) (citations omitted). Once the party claiming the property to be marital meets this burden, the party claiming the property to be separate has the burden of showing by the preponderance of the evidence that the property is separate, i.e. acquired before the marriage or acquired by gift, devise, descent or bequest during the marriage. *Id.*

[1] The plaintiff first assigns as error the classification of the marital residence as marital property. The plaintiff testified that he purchased the marital home shortly after the marriage by making an $18,000.00 down payment with his separate funds. However, the defendant testified that a portion of the down payment was in fact her funds.

The trial court found that, while an agreement to purchase this property was entered into before the marriage and it was acquired in plaintiff's name, the contention that it should be classified as plaintiff's separate property was not supported by the greater weight of the evidence. Instead, the trial court found that the property was paid for with marital funds. It appears that the trial court weighed and considered all the evidence and found the defendant's evidence more credible. Thus, the plaintiff failed to meet his burden of proof and the first assignment of error is overruled.

[2] The plaintiff next assigns as error the trial court's determination that the Eagle Ridge lot (a tract of land and mobile home) was marital property. We disagree.

The Eagle Ridge property was conveyed by warranty deed to the plaintiff by his son and daughter-in-law during the marriage. After the separation, the plaintiff then reconveyed the property to his son and himself. The trial court then found:

RIGGS v. RIGGS

[124 N.C. App. 647 (1996)]

Husband has failed to carry his burden to show that the conveyance was intended as a separate gift or trust. The court finds that full title was conveyed to husband during marriage, he had full power to control and dispose of the property during marriage, and in fact conveyed an interest in the property back to his son (but not son's wife) while this equitable distribution claim was pending. He has failed to carry his burden to establish a separate interest. On the date of separation, the court finds that the property was marital and that the fair market value of the lot and mobile home was $20,575.00

The defendant met her burden of showing that the Eagle Ridge property was marital in that it was acquired by one of the spouses, during the marriage, before separation and was presently owned at the time of the separation. The plaintiff then had the burden to show that this property was his separate property.

The trial court observed that the plaintiff's testimony as to the circumstances of the transaction was only "marginally credible" as he attempted to show he was unaware of the transaction. The trial court also noted it was significant that the plaintiff's son did not testify concerning the circumstances surrounding the transfer. The trial court's determination that the Eagle Ridge property was marital was based on sufficient evidence and plaintiff failed to prove it was his separate property.

[3] Plaintiff's third assignment of error concerns the classification of a Sharonview certificate of deposit as marital property. The plaintiff contends that $9,677.67 of the Sharonview CD valued at $40,040.00 were his traceable, separate funds at the date of the separation. Plaintiff argues that the $9,677.67 he deposited into this CD was money that had "rolled over" from another CD he had purchased before the marriage. However, the only evidence the plaintiff produced was a savings withdrawal slip, dated 1983, in the amount of $9,677.67. The trial court found that plaintiff failed to produce any documentation of a deposit of $9,677.67 into any CD or account and that there was no other documentation tracing the origin of the funds in the Sharonview CD. The trial court then found that plaintiff had failed to carry his burden of showing that $9,677.67 of the Sharonview CD were his separate funds. Based on this evidence, the trial court did not err in classifying the Sharonview CD as marital property.

[4] Plaintiff's fourth assignment of error is the determination by the trial court that the $3,101.00 debt to NationsBank Visa, held in

defendant's name, was marital debt. This Court has defined "marital debt" as "one incurred during the marriage and before the date of separation, by either spouse or both spouses, for the joint benefit of the parties." *Huguelet v. Huguelet*, 113 N.C. App. 533, 536, 439 S.E.2d 208, 210, *review denied*, 336 N.C. 605, 447 S.E.2d 392 (1994). "The party who claims that any debt is marital bears the burden of proof on that issue." *Tucker v. Miller*, 113 N.C. App. 785, 791, 440 S.E.2d 315, 319 (1994) (*citing Albritton v. Albritton*, 109 N.C. App. 36, 426 S.E.2d 80 (1993)). The party so claiming must show "the value of the debt on the date of separation and that it was 'incurred during the marriage for the joint benefit of the husband and wife.' " *Miller v. Miller*, 97 N.C. App. 77, 79, 387 S.E.2d 181, 183 (1990) (*quoting Byrd v. Owens*, 86 N.C. App. 418, 424, 358 S.E.2d 102, 106 (1987)). The trial court's only reference to this debt in its equitable distribution order states that it took into consideration the fact that the plaintiff made payments from his separate funds on marital debts, including a "visa bill." Except to classify it as a marital debt, the trial court did not make any findings to support its determination that the Visa debt was marital. The only evidence in the record regarding this debt was during cross-examination of the defendant when she stated that she had no documentation to show what purchases were charged to this Visa account. We find that there was no competent evidence in the record to show that this debt was incurred for the joint benefit of the parties. Thus, the trial court erred in classifying the $3,101.00 Visa debt as marital. We remand this case to the trial court with instructions to properly classify this $3,101.00 Visa debt as the defendant's separate debt and to enter a new equitable distribution order reflecting this classification.

We have carefully considered the plaintiff's other assignments of error and find them to be without merit.

Affirmed in part, reversed in part and remanded.

Judges EAGLES and McGEE concur.