LINDA S. POTT, Plaintiff-Appellee v. WILLIAM H. POTT, II, Defendant-Appellant

No. COA96-554

(Filed 20 May 1997)

## 1. Divorce and Separation § 147 (NCI4th)— equitable distribution—debt incurred during marriage—failure to distribute

In an equitable distribution proceeding, the trial court erred by failing to properly distribute, as marital property, a debt incurred by defendant as a consequence of leaving an accounting partnership where the debt was incurred during the parties' marriage and prior to their separation.

**Am Jur 2d, Divorce and Separation §§ 915 et seq.**

## 2. Divorce and Separation § 149 (NCI4th)— obligation to support illegitimate child—not distributional factor

As used in the statute prohibiting the trial court from considering support of the "children of both parties" in making an equitable distribution, N.C.G.S. § 50-20(f), the phrase "children of both parties" includes any legitimate or illegitimate child born to either spouse. Therefore, the trial court erred in considering as a distributional factor the wife's separate obligation to care for an illegitimate child born to her during the marriage of the parties, even if her obligation constitutes a "liability" under N.C.G.S. § 50-20(c)(1), since the specific exclusionary language of § 50-20(f) controls.

**Am Jur 2d, Divorce and Separation § 925.**

**Appointment or discharge of receiver for marital or community property necessitated by suit for divorce or separation. 15 ALR4th 224.**

POTT v. POTT

[126 N.C. App. 285 (1997)]

> Divorce and separation: effect of trial court giving consideration to needs of children in making property division—modern status. **19 ALR4th 224.**

**3. Divorce and Separation § 134 (NCI4th)— equitable distribution—valuation of home—escrow balance**

The trial court erred by failing to include or consider the escrow balance in the net valuation of the marital home.

**Am Jur 2d, Divorce and Separation § 903.**

> Appointment or discharge of receiver for marital or community property necessitated by suit for divorce or separation. **15 ALR4th 224.**

**4. Divorce and Separation § 145 (NCI4th)— equitable distribution—income—finding unsupported by the evidence**

The trial court's findings that defendant's income at the date of trial was $120,000 was unsupported by the evidence where evidence was introduced of defendant's income for ten years prior to the year of the trial, but neither party introduced evidence of defendant's income at the time of the trial.

**Am Jur 2d, Divorce and Separation § 918.**

> Appointment or discharge of receiver for marital or community property necessitated by suit for divorce or separation. **15 ALR4th 224.**

Appeal by defendant from order entered 30 November 1995 by Judge Shirley H. Brown in Buncombe County District Court. Heard in the Court of Appeals 29 January 1997.

*Robert E. Riddle, P.A., by Diane K. McDonald, for plaintiff-appellee.*

*Marvin P. Pope, Jr., P.A., by Marvin P. Pope, Jr., for defendant-appellant.*

MARTIN, Mark, D., Judge.

Defendant appeals from the trial court's equitable distribution order awarding plaintiff sixty percent of the marital estate.

POTT v. POTT

[126 N.C. App. 285 (1997)]

Plaintiff and defendant were married on 1 July 1983, separated on 21 September 1992, and granted an absolute divorce in November 1993. Two children were born of the marriage. In addition, plaintiff bore an illegitimate child during the marriage who is not "defendant's natural or legal child" (hereinafter referred to as "the child"). The child is physically and mentally handicapped and requires special medical care.

Since the date of separation, plaintiff has resided in the marital residence. The parties stipulated the fair market value of the home on the date of separation to be $108,000 with a first mortgage in the amount of $64,704.64 and an escrow account balance of $784.60. Defendant also offered evidence of a second mortgage in the amount of $9,227.59.

Defendant is a certified public accountant who at the time of marriage had an annual salary of $27,000. In July 1988 defendant became a partner in the accounting firm of McGladrey & Pullen (McGladrey). In September 1990 defendant, Gary Mathes, and George Rogers, Jr., left McGladrey to establish their own accounting firm, Rogers, Mathes, & Pott. As part of defendant's separation agreement with McGladrey, he (a) surrendered his capital account; and (b) executed, along with his new partners, two promissory notes payable to McGladrey (McGladrey notes). As of the date of separation, defendant's portion of the unpaid balance on the McGladrey notes equaled approximately $48,000. At the time of trial, defendant was employed by Charles D. Owen Manufacturing Company.

After hearing all the evidence, the trial court determined an equal division of property would be inequitable and, thus, awarded sixty percent of the net marital estate to plaintiff and forty percent to defendant.

On appeal defendant contends, among other things, the trial court erred by (1) failing to consider defendant's obligation on the McGladrey notes, (2) considering plaintiff's obligation to care for the child as a distributional factor, (3) failing to consider the escrow account balance in valuing the parties' marital residence on the date of separation, and (4) finding defendant's annual income to be $120,000 as of the date of trial.

It is beyond question the trial court is vested with wide discretion in equitable distribution actions, *Sharp v. Sharp*, 116 N.C. App. 513, 520, 449 S.E.2d 39, 43, *disc. review denied*, 338 N.C. 669, 453 S.E.2d

181 (1994); however this discretion is tempered with the strong public policy favoring an equal distribution between the parties, *White v. White*, 312 N.C. 770, 776, 324 S.E.2d 829, 832 (1985). As a corollary to this principle, appellate review is generally limited to a determination of whether there was an abuse of discretion. *Id.* at 777, 324 S.E.2d at 833.

## I.

[1] Defendant first contends the trial court erred by failing to consider, as a marital debt, defendant's obligation on the McGladrey notes.

In equitable distribution actions "the trial court is required to classify, value and distribute, if marital, the debts of the parties to the marriage." *Miller v. Miller*, 97 N.C. App. 77, 79, 387 S.E.2d 181, 183 (1990). Marital debts are those "incurred during the marriage and before the date of separation by either spouse or both spouses for the joint benefit of the parties." *Huguelet v. Huguelet*, 113 N.C. App. 533, 536, 439 S.E.2d 208, 210, *disc. review denied*, 336 N.C. 605, 447 S.E.2d 392 (1994). *See also Tucker v. Miller*, 113 N.C. App. 785, 791, 440 S.E.2d 315, 319 (1994). "The party claiming the debt to be marital has the burden of proving the value of the debt on the date of separation and that it was 'incurred during the marriage for the joint benefit of the husband and wife.' " *Miller*, 97 N.C. App. at 79, 387 S.E.2d at 183 (*quoting Byrd v. Owens*, 86 N.C. App. 418, 424, 358 S.E.2d 102, 106 (1987)). The trial court's findings of fact regarding marital debts must be specific enough to allow an appellate court to determine whether the judgment represents a correct application of the law. *Armstrong v. Armstrong*, 322 N.C. 396, 405, 368 S.E.2d 595, 599-600 (1988).

In the present case defendant proffered evidence of the McGladrey notes, a withdrawal agreement executed with McGladrey, and an amortization table indicating the approximate balance defendant owed on the notes as of the date of separation. Defendant incurred the notes as a consequence of leaving McGladrey, which occurred during the marriage and prior to the date of separation. On the date of separation, defendant owed approximately $48,000.

Although the trial court's findings of fact may implicitly acknowledge the existence of defendant's $48,000 debt, the trial court erred by failing to properly distribute the debt. *See Miller*, 97 N.C. App. at 79-80, 387 S.E.2d at 183-184.

## II.

[2] Defendant next contends, citing N.C. Gen. Stat. § 50-20(f), that the trial court erred by considering plaintiff's separate obligation to care for the child as a distributional factor.

Section 50-20(f) provides, in pertinent part, "[t]he court shall provide for an equitable distribution without regard to alimony for either party or support of the children of both parties." N.C. Gen. Stat. § 50-20(f) (1995) (emphasis added). The trial court's failure to comply with the provisions of the equitable distribution statute constitutes an abuse of discretion. *See Wiencek-Adams v. Adams*, 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992). The determinative question is thus whether an illegitimate child falls within the definition of "children of both parties."

The phrase "children of both parties" is clearly susceptible to more than one reasonable construction. Specifically, the phrase could include (a) only the legitimate children of the marriage, or (b) any child, legitimate or illegitimate, born to either spouse. It is thus axiomatic the phrase "children of both parties" is ambiguous. *See Food Town Stores v. City of Salisbury*, 300 N.C. 21, 36, 265 S.E.2d 123, 132 (1980) (language is unambiguous if it "expresses a single, definite, and sensible meaning").

In construing an ambiguous statute, this Court is constrained by legislative intent. *Person v. Garrett*, 280 N.C. 163, 165, 184 S.E.2d 873, 874 (1971) (legislative intent controls interpretation of statute). To discern legislative intent, we consider the language used in other portions of the same statute, *see In re Watson*, 273 N.C. 629, 632, 161 S.E.2d 1, 5 (1968), as well as the purpose behind the ambiguous section, *Greensboro v. Smith*, 241 N.C. 363, 366, 85 S.E.2d 292, 295 (1955). Applying these principles to section 50-20(f), the phrase "children of both parties" clearly includes any child, legitimate or illegitimate.

First, the legislature drafted section 50-20(f) to ensure the trial court did not consider support obligations arising out of the subject marriage in equitable distribution proceedings. *See* N.C. Gen. Stat. § 50-20(f) (alimony and child support to be considered only "[a]fter the determination of [] equitable distribution"). *Cf.* N.C. Gen. Stat. § 50-20(c)(2) (1995) (court shall consider "[a]ny obligation for support arising out of a prior marriage") (emphasis added); 2 Robert E. Lee, *North Carolina Family Law* § 169.11 (4th ed. Cum. Supp.

1996) ("the right to an equitable distribution . . . is independent of and unrelated to the right to receive alimony or child support").

Second, as evidenced by section 50-20(c)(4), the legislature has, when it so intended, unambiguously limited the scope of a provision to "children of the marriage." *See* N.C. Gen. Stat. § 50-20(c)(4) ("[t]he need of a parent with custody of a child or <u>children of the marriage</u> to occupy or own the marital residence and to use or own its household effects") (emphasis added).

Third, it is beyond question this jurisdiction will not impose the burden of child support on a non-biological parent who has not voluntarily assumed such an obligation. *See Duffey v. Duffey*, 113 N.C. App. 382, 384-385, 438 S.E.2d 445, 447 (1994); *State v. Ray*, 195 N.C. 628, 629, 143 S.E. 216, 216 (1928). Indeed, the General Assembly has expressly recognized "the [trial] judge may not order support to be paid by a person who is not the child's parent . . . absent evidence and a finding that such person . . . has voluntarily assumed the obligation of support in writing." N.C. Gen. Stat. § 50-13.4(b) (1995).

Plaintiff nonetheless argues her obligation to care for the child constitutes a "liability" under N.C. Gen. Stat. § 50-20(c)(1). Assuming, without deciding, plaintiff's obligation to the child constitutes a "liability" under section 50-20(c)(1), section 50-20(f), as already noted, clearly prohibits the trial court from considering such an obligation during equitable distribution proceedings. Because a statutory provision "dealing with a specific situation controls, with respect to that situation, other sections which are general in their application," *Utilities Comm. v. Electric Membership Corp.*, 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969), the specific exclusionary language of section 50-20(f), rather than the general rule of inclusion set forth in section 50-20(c)(1), controls. Indeed, to hold otherwise would essentially render section 50-20(f) a nullity in direct contravention of the law of this jurisdiction.[1] *See Bradley v. Bradley*, 78 N.C. App. 150, 153, 336 S.E.2d 658, 660 (1985) ("every part of the law is to be given effect if this can be done by any fair and reasonable intendment"). Accordingly, the trial court erred by considering plaintiff's obligation to care for the child as a distributional factor.

---

1. Likewise, plaintiff's obligation to care for her illegitimate child does not fall within the "catch-all" provision of N.C. Gen. Stat. § 50-20(c)(12). *See Wiencek-Adams*, 331 N.C. at 693, 417 S.E.2d at 452 (words "any other" in section 50-20(c)(12) "exclude those factors explicitly excluded from consideration by [the] provisions of [section] 50-20(f)").

**POTT v. POTT**

[126 N.C. App. 285 (1997)]

### III.

**[3]** Defendant also contends the trial court erred by failing to consider the escrow account balance of $784.60 in valuing the parties' marital home.

It is well settled "the division of the marital property is to be accomplished by using the net value of the property, *i.e.*, its market value, if any, less the amount of any encumbrance serving to offset or reduce market value." *Talent v. Talent*, 76 N.C. App. 545, 556, 334 S.E.2d 256, 263 (1985). In valuing property, the trial court is required to make specific findings of fact, based on competent evidence, to support its conclusions. *Armstrong*, 322 N.C. at 405, 368 S.E.2d at 599-600; *Stanley v. Stanley*, 118 N.C. App. 311, 314, 454 S.E.2d 701, 703-704 (1995). Furthermore, " 'upon appellate review of a case heard without a jury the trial court's findings of fact are conclusive on appeal if there is evidence to support them, even though the evidence might sustain a finding to the contrary.' " *Chandler v. Chandler*, 108 N.C. App. 66, 73, 422 S.E.2d 587, 592 (1992) (*quoting Draughon v. Draughon*, 82 N.C. App. 738, 740, 347 S.E.2d 871, 872 (1986), *cert. denied*, 319 N.C. 103, 353 S.E.2d 107 (1987)).

In the present case, the parties stipulated the fair market value of the marital residence on the date of separation to be $108,000, with a first mortgage of $64,704.64 and an escrow balance of $784.60. In addition, defendant offered evidence of a second mortgage in the amount of $9,227.59. The trial court assigned $34,095 as the net value of the marital home on the date of separation.

Because the escrow balance is not included in the trial court's net valuation of the marital home or otherwise considered in the order, the trial court erred by failing to properly distribute this asset. *See Smith v. Smith*, 111 N.C. App. 460, 470, 433 S.E.2d 196, 203 (1993) (trial court is required to distribute marital property in an equitable manner), *reversed in part on other grounds*, 336 N.C. 575, 444 S.E.2d 420 (1994).

### IV.

**[4]** Defendant next contends the trial court's finding that defendant's annual income as of the date of trial was $120,000 is unsupported by any evidence in the record.

The trial court must consider the parties' income "at the time the division of property is to become effective." N.C. Gen. Stat.

§ 50-20(c)(1). In the present case, although evidence was introduced as to defendant's annual income from 1983 to 1993, no evidence was introduced by either party concerning defendant's income as of the date of trial, 5 December 1994. Accordingly, the trial court's finding of fact that "[a]t the time of trial, the defendant was . . . earning approximately $120,000 a year" is unsupported by any evidence in the record. *See Coleman v. Coleman*, 89 N.C. App. 107, 108-109, 365 S.E.2d 178, 179-180 (1988) (finding unsupported by evidence in the record cannot be upheld on appeal).

Finally, after carefully reviewing defendant's remaining assignments of error, we conclude they are without merit.

In summary, the trial court erred by failing to consider defendant's obligation on the McGladrey notes, by relying on plaintiff's separate obligation to the child as support for awarding sixty percent of the marital estate to plaintiff, by failing to consider the escrow account balance in valuing the parties' marital residence, and by finding defendant earned $120,000 a year at the time of trial.

Accordingly, the trial court's order is reversed and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges LEWIS and WALKER concur.