An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-874
NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2104

TASHA BALDWIN,
    Plaintiff-Appellee,

v.

CLIFTON BALDWIN,
    Defendant-Appellant.

Wake County
No. 11 CVD 6187

Appeal by Defendant from order entered 19 February 2013 by Judge Lori Christian in District Court, Wake County. Heard in the Court of Appeals 7 January 2014.

*No brief for Plaintiff-Appellee.*

*Stephanie J. Brown for Defendant-Appellant.*

McGEE, Judge.

The sole issue in this appeal concerns the classification of certain student loans for the purposes of equitable distribution. Tasha Baldwin ("Plaintiff") and Clifton Baldwin ("Defendant") were married on 6 November 2005, and separated on 2 April 2011. Plaintiff became a full-time divinity student in January 2007, graduating with a master's degree in divinity in May 2010. In order to help finance her graduate education,

Plaintiff borrowed funds in her name from Sallie Mae ("the student loans") to pay for her college tuition and school books, totaling approximately $60,000.00.

The hearing on equitable distribution was conducted on 26 November 2012. The trial court filed an equitable distribution order on 19 February 2013. In the order, the trial court found, *inter alia*, that the student loans constituted marital debt, and ordered that Plaintiff and Defendant were each responsible for paying one-half of the student loans. Defendant appeals.

In Defendant's sole argument on appeal, he contends that the trial court erred in classifying the student loans as marital debt. We agree.

> This Court has defined "marital debt" as "one incurred during the marriage and before the date of separation, by either spouse or both spouses, for the joint benefit of the parties." "The party who claims that any debt is marital bears the burden of proof on that issue." The party so claiming must show "the value of the debt on the date of separation and that it was 'incurred during the marriage for the joint benefit of the husband and wife.'"

*Riggs v. Riggs*, 124 N.C. App. 647, 652, 478 S.E.2d 211, 214 (1996) (citations omitted).

The student loans were procured by Plaintiff to assist her in attending divinity school. There is no dispute that, while Plaintiff was married to Defendant and before the date of

separation, she attended divinity school and obtained a master's degree therefrom. Plaintiff testified at the 26 November 2012 hearing that the money from the student loans went to pay for tuition and school books. There was no evidence presented at the hearing that any of this money benefitted Defendant in any manner. Further, Plaintiff testified that the master's degree had not assisted her in obtaining employment, or in earning more in wages than she otherwise could have earned. Plaintiff failed in her burden of showing that the student loans jointly benefitted Plaintiff and Defendant, or that they in fact benefitted Defendant in any manner.

The trial court found "that there was an agreement for . . . Plaintiff to go to school, that the debt for school occurred during the marriage and therefore this school loan is a marital debt." However, without evidence and a finding that Defendant benefitted from the student loans, they cannot be classified as marital. It was Plaintiff's burden to prove that the student loans constituted marital debt, and she has failed in that burden.

We reverse and remand this case to the trial court with instructions to properly classify the $60,000.00 in Sallie Mae student loans as Plaintiff's separate debt and to enter a new equitable distribution order reflecting this classification.

Reversed and remanded.

Judges HUNTER, Robert C. and ELMORE concur.

Report per Rule 30(e).