CALABRIA, Judge.
*634 Michael Thomas Warren ("defendant") appeals from an order classifying the student loans of Mary McDonald Warren ("plaintiff") as marital debt. We affirm.
*635 Plaintiff and defendant (collectively, "the parties") were married on 4 July 2000, and lived together as husband and wife until they separated on 26 March 2011. The trial court granted the parties an absolute divorce on 2 May 2013. There were two children born of the marriage who lived with the parties. Plaintiff has two other children from a previous marriage who also lived with the parties during the marriage.
Plaintiff worked as a teacher when the parties first married. The parties agreed that plaintiff would stop working so she could take care of the home while the children were young. When the children grew older, the parties agreed that plaintiff would return to school to earn a degree so she could increase her income for the benefit of the family. In the fall of 2006, plaintiff enrolled at Lenoir-Rhyne University ("Lenoir-Rhyne"), where her tuition totaled $31,665.00. While in school, plaintiff incurred student loans for a total of $88,429.08. The funds from the student loans not only paid her tuition, textbooks, and school supplies, but also paid the family's living expenses. Although plaintiff deposited the student loan funds into her own separate account, both parties had separate checking accounts in their own names and both paid family expenses. Plaintiff graduated from Lenoir-Rhyne in the spring of 2009 with a Master's of Science in occupational therapy.
After plaintiff graduated in 2009, she secured employment as an occupational therapist, initially earning $34.08 per hour. She worked approximately thirty hours a week, earning a weekly income of around $1,224.00. In January of 2010 she began working as a contract occupational therapist, earning approximately $60.00 per hour. On 26 March 2011, the parties separated. At that time, *137 plaintiff earned approximately $65,000.00 per year, and defendant earned approximately $100,000.00 per year.
On 5 April 2011, plaintiff filed a complaint for, inter alia, an equitable distribution of marital property, and requested an unequal division. On 5 March 2014, the parties entered into a pre-trial order. In the pre-trial order, plaintiff alleged that she had incurred two student loan debts of $72,500.00 and $9,577.47, and both loans constituted marital debt. Additionally, plaintiff contended that since the date of separation she had maintained current payments for the student loan debt to the best of her abilities, but that she had recently been unable to make payments toward the student loans since she paid an unequal share on the parties' other marital debts without the benefit of a reciprocal amount of marital assets. Defendant contended that the student loans were plaintiff's separate debt.
*636 After a hearing, the trial court entered an order on 5 May 2014 concluding that the student loans amounted to $88,429.08, and that the loans were incurred during the course of the marriage and for the benefit of the marriage. The trial court then classified the $88,427.08 of student loan debt as marital debt. Defendant appeals.
Defendant's primary argument on appeal is that the trial court erred in classifying plaintiff's student loans as marital debt. Specifically, defendant contends that the trial court erred in its classification because plaintiff "utterly failed" to prove that the debt she incurred in student loans was for the joint benefit of the marital unit. We disagree.
As an initial matter, defendant argues that because a degree is classified as separate property, the debt acquired to pursue a Master's of Science in occupational therapy should be separate property. However, defendant failed to raise this argument at the trial court level. Therefore, we decline to address this argument. See Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust., 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001) ( "[I]ssues and theories of a case not raised below will not be considered on appeal.").
The trial court's equitable distribution judgment "will not be disturbed absent a clear abuse of [the court's] discretion." Wiencek-Adams v. Adams, 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992) (citation omitted). "Only a finding that the judgment was unsupported by reason and could not have been a result of competent inquiry, or a finding that the trial judge failed to comply with the statute, will establish an abuse of discretion." Id. (citations omitted). Furthermore, the trial court's determination "as to whether property is marital or separate ... will not be disturbed on appeal if there is competent evidence to support the findings." Riggs v. Riggs, 124 N.C.App. 647, 649, 478 S.E.2d 211, 212 (1996) (citation omitted).
"In equitable distribution actions the trial court is required to classify, value and distribute, if marital, the debts of the parties to the marriage." Pott v. Pott, 126 N.C.App. 285, 288, 484 S.E.2d 822, 825 (1997) (internal citation and quotations omitted). This Court has long held that a marital debt "is one incurred during the marriage and before the date of separation by either spouse or both spouses for the joint benefit of the parties." Huguelet v. Huguelet, 113 N.C.App. 533, 536, 439 S.E.2d 208, 210 (1994), disc. review denied, 336 N.C. 605, 447 S.E.2d 392 (1994) (citations omitted). Additionally, the party claiming that the debt is marital bears the burden of proving both the value of the debt on the date of *637 separation and proving that the debt was incurred for the joint benefit of both parties. Pott, 126 N.C.App. at 288, 484 S.E.2d at 825.
In the instant case, it is undisputed that the loans were incurred between 2006 and 2009. During that time, the parties were married, then separated on 26 March 2011. The parties are not disputing the value of the debt on the date of separation. Accordingly, the issue before us is whether plaintiff satisfied her burden of proving that the student loans were incurred for the joint benefit of the marriage.
Although our Courts have not specifically defined what constitutes a joint benefit in the context of marital debt, this Court has never required evidence that the marital unit actually *138 benefited from the debt incurred. Instead, our Courts have required that the debt must have been incurred for the joint benefit of the parties. Riggs, 124 N.C.App. at 652, 478 S.E.2d at 214.
In Baldwin v. Baldwin, --- N.C.App. ----, 757 S.E.2d 527 (2014) (unpublished), although the plaintiff's student loans were incurred during the marriage, the plaintiff presented no evidence that the loans benefited the defendant, and also testified that her master's degree did not help her obtain employment or increase her earning capacity. Id. This Court concluded that "[t]here was no evidence presented at the hearing that any of this money benefitted Defendant in any manner." Id. Thus, because there was no evidence that the defendant also benefited from the plaintiff's student loans, the loans could not be classified as marital debt. Id.
Other jurisdictions have similarly discussed student loan debt in the context of marital debt by determining whether the student loan debt was incurred for the joint benefit of both parties. See, e.g., In re Marriage of Speirs, 956 P.2d 622, 624 (Colo.App.1997) (holding that while degrees do not constitute tangible property that can be divided, classifying student loans incurred during marriage as marital debt is proper when both marital partners may expect to share in the rewards of the education); McConathy v. McConathy, 632 So.2d 1200, 1206-07 (La.App. 2 Cir.1994) (student loan incurred for husband's education was properly classified as community debt because part of the loan contributed to the family's living expenses and the spouses expected to benefit from the husband's higher education); Hicks v. Hicks, 969 S.W.2d 840, 846-47 (Mo.App. W.D.1998) (concluding that wife's student loans were marital debt because the loan funds were not only used to pay wife's tuition, but were also used to buy groceries and pay bills and childcare costs). We find these cases to be persuasive. Therefore, in order for the court to classify *638 student loan debt as marital debt, the parties must present evidence regarding whether the marriage lasted long enough after incurring the debt and receiving a degree for the married couple to substantially enjoy the benefits of the degree or higher earnings.
Defendant relies on Baldwin to support his argument that plaintiff's student loans should be classified as separate, and not marital, debt. However, Baldwin is distinguishable from the instant case. In Baldwin, the determinative factor was the lack of evidence presented and lack of findings by the trial court that the defendant benefited from the student loans. Baldwin, --- N.C.App. at ----, 757 S.E.2d at 527.
In the instant case, there was evidence presented at the hearing that any additional funds plaintiff received from the student loans were used to pay the family living expenses. Specifically, both parties testified that they had agreed plaintiff would return to school to obtain her occupational therapy degree, and both were aware student loans were required to accomplish this goal. Plaintiff also testified that in addition to her educational expenses, the loans were used for general living expenses such as groceries, the children's extracurricular activities, family medical expenses, clothing for the family, cleaning supplies for the home, and gas for transportation. Additionally, defendant concedes that the marriage benefited from plaintiff's increased earning capacity for a period of twenty months. The trial court found that both parties agreed plaintiff would return to school in order to earn a professional degree that would allow her to earn more money for the family. Although the trial court found that plaintiff used the student loan proceeds for tuition, textbooks, and school supplies, the trial court also found that plaintiff did in fact pay for family expenses with the funds from the student loans and that the loans benefited both parties.
Defendant contends that the student loan debt should have been classified as separate debt because plaintiff's student loan funds were kept in her own separate bank account. However, "[t]he fact that the debt is in the name of one or both of the spouses is not determinative of the proper classification." Atkins v. Atkins, 102 N.C.App. 199, 208, 401 S.E.2d 784, 789 (1991) (citation omitted). The trial court found that plaintiff used the student loan funds to pay family *139 expenses, regardless of the fact that the funds from the loans were deposited in her own separate account. Additionally, the student loans were still originally incurred with the intent that they would benefit the marital unit, and ultimately did benefit the marital unit, as the trial court found that plaintiff was able to secure employment and increase her earning capacity after obtaining her professional degree. *639 Since the student loan debt was incurred during the marriage, plaintiff presented substantial evidence demonstrating that the loan funds were used to benefit the family as well as satisfy her educational expenses. In addition, the marriage lasted long enough for the parties to substantially enjoy the benefits of plaintiff's newly-earned degree. Therefore, plaintiff satisfied her burden of proving that the debt was incurred for the joint benefit of both parties.
Defendant also argues in the alternative that if the student loans were properly classified as marital debt, this Court should then "apportion the student loans during the period of time that the marriage benefited from the plaintiff's increased earning capacity." However, defendant failed to raise any issue for an unequal distribution of the student loan debt in the pre-trial order. Therefore, defendant may not raise this issue on appeal. See Westminster Homes, 354 N.C. at 309, 554 S.E.2d at 641.
Plaintiff presented ample evidence that the $88,429.08 of student loan debt incurred during the marriage not only provided for her educational expenses, but also benefited the marriage. The trial court made specific findings regarding the use of the student loans, and defendant concedes that the marriage benefited from plaintiff's increased earning capacity for a period of twenty months. Therefore, the trial court did not abuse its discretion in classifying plaintiff's student loan debt as marital debt. Accordingly, we affirm the trial court's order.
AFFIRMED.
Judges McCULLOUGH and DIETZ concur.