BRYANT, Judge.
Where the trial court followed established procedure, made valuations and classifications of marital property, and did not abuse its discretion regarding the equitable distribution of property, we affirm the order of the trial court.
Plaintiff Alice Medlin (now Alice Sotti) and defendant Bruce Medlin were married on 17 December 2005. The parties were separated on 29 August 2011, and on that same day, the Honorable Jeannie Houston granted plaintiff an ex parte domestic violence restraining order against defendant. As part of that order, Judge Houston granted plaintiff possession of the parties' marital residence. On 27 February 2012, the Honorable Mitchell McLean dissolved the ex parte domestic violence restraining order. That same day, defendant moved back into the marital residence and plaintiff moved to a residence owned by her father in Surry County. Plaintiff's complaint, filed 8 March 2012 in Surry County District Court, requested equitable distribution, a temporary restraining order, interim distribution, and attorney's fees. Plaintiff's amended complaint, filed 2 April 2012, alleged, inter alia , the following:
On February 27, 2012, Defendant removed numerous items of marital property from the marital residence and he removed items of Plaintiff's separate property. Defendant took those items of marital and separate property to an undisclosed location. Defendant then returned to the marital residence and took most, if not all, items that contained a significant value, including, but not limited to, a horse trailer, a lawn mower, tools, and horses. Defendant refuses to return the items of personal property that he took (even Plaintiff's separate property). In addition, Defendant refuses to disclose where the personal property is located.
On 13 April 2012, defendant filed his answer, counterclaim, and a motion to change venue from Surry County to Yadkin County. By order entered 6 June 2012, the trial court granted defendant's motion to change venue and the action was transferred from Surry County to Yadkin County. Later that year, on 12 October 2012, the parties were divorced.
On 10 April 2015, the matter came on to be heard in Yadkin County District Court before the Honorable William F. Brooks, Judge presiding. Plaintiff appeared pro se . By order entered 1 February 2016, the trial court made findings of fact and conclusions of law and ordered the distribution of marital property, both assets and debts. Plaintiff appeals.
_________________________
On appeal, plaintiff argues the trial court (I) failed to comport with the requisite and rudimentary standards of procedure in equitable distribution hearings; (II) made numerous valuations which were contrary to or not supported by the evidence; (III) made numerous classifications which were contrary to or not supported by the evidence; and (IV) abused its discretion regarding the division and distribution of marital property.
Standard of Review
Equitable distribution is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. Only a finding that the judgment was unsupported by reason and could not have been the result of competent inquiry, or a finding that the trial judge failed to comply with the statute, will establish an abuse of discretion.
Wiencek-Adams v. Adams , 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992) (citations omitted). "In any order for the distribution of property ... the court shall make written findings of fact that support the determination that the marital property and divisible property has been equitably divided." N.C. Gen. Stat. § 50-20(j) (2015).
Our standard of review of such judgments is well-settled: "[W]hen the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts."
Montague v. Montague , 238 N.C. App. 61, 63, 767 S.E.2d 71, 73-74 (2014) (quoting Lee v. Lee , 167 N.C. App. 250, 253, 605 S.E.2d 222, 224 (2004) ).
I
Plaintiff first argues that the trial court failed to comport with the "requisite and rudimentary" standards of procedure in equitable distribution hearings. Specifically, plaintiff contends the trial court's order erroneously listed the division of marital assets without explanation or basis for its classifications or valuations of various items and "improperly influenced" plaintiff during the hearing by misstating the law, prejudicing plaintiff as a result. We disagree.
"The trial court must classify, value, and distribute marital property and divisible property in equitable distribution actions." Montague , 238 N.C. App. at 64, 767 S.E.2d at 74 (quoting Ubertaccio v. Ubertaccio , 161 N.C. App. 352, 353-54, 588 S.E.2d 905, 907 (2003) ). "This court has held that in certain situations the trial court must indicate its valuation method(s)." Lawing v. Lawing , 81 N.C. App. 159, 164, 344 S.E.2d 100, 105 (1986) (citations omitted); see Offerman v. Offerman , 137 N.C. App. 289, 292, 527 S.E.2d 684, 686 (2000) ("[A] [trial] court should make specific findings regarding the value of a spouse's professional practice ... and should clearly indicate the evidence on which its valuations are based, preferably noting the valuation method or method on which it relied." (emphasis added) (citation omitted)). "However, this rule has not been applied to personal effects and household property previously and we decline to do so here." Lawing , 81 N.C. App. at 164, 344 S.E.2d at 105.
In the instant case, plaintiff argues that the trial court's failure to explain or provide a basis for any classification or valuation of the assets as listed in the distribution order "mandates a reversal and/or remand." However, the marital property listed along with the trial court's corresponding determination of its net value is comprised, with the exception of the house and land, almost entirely of "personal effects and household property." See id. Accordingly, the trial court was not required to note its valuation method for household items including, inter alia , a washer and dryer, garden tools, and patio furniture. Plaintiff's argument is without merit.
Plaintiff also argues the trial court misled her by misstating the law. We disagree. Plaintiff points to several instances during the equitable distribution hearing where plaintiff, who appeared pro se at the hearing, contends the trial court's statements misrepresented the law. For instance, plaintiff takes issue with this statement from the trial court: "Equitable distribution obviously is the division of marital property." She challenges this statement in her brief on appeal because "[t]here is so much more to it ... than this it is no wonder that the Plaintiff-Appellant was confused from the start...."
Despite plaintiff's contentions, the record and trial transcript do not indicate that the trial court deviated from established procedure in equitable distribution proceedings. Here, the trial court heard and considered testimony from the parties and reviewed exhibits in order to create a list of ninety-four items of marital property, both assets and debts. At no point did the trial court mislead plaintiff or misstate the law, even if plaintiff, appearing pro se , was prevented on occasion from explaining her research with respect to the value of certain property.
Finally, the trial court entered an equitable distribution order classifying, valuing, and distributing marital property. See Montague , 238 N.C. App. at 64, 767 S.E.2d at 74. "The trial court's findings of fact regarding marital debts must be specific enough to allow an appellate court to determine whether the judgment represents a correct application of the law." Pott v. Pott , 126 N.C. App. 285, 288, 484 S.E.2d 822, 825 (1997) (citing Armstrong v. Armstrong , 322 N.C. 396, 405, 368 S.E.2d 595, 599-600 (1988) ). As stated previously, the trial court classified and assigned a specific value for marital debts as well as assets. As such, the trial court's findings in its order contain sufficient specificity for appellate review. Accordingly, the trial court properly followed standard procedure in classifying, valuing, and distributing marital property in the equitable distribution hearing and in entering its order. Plaintiff's argument is overruled.
II
Plaintiff next argues the trial court made numerous valuations which were not supported by or were contrary to the evidence before it. Specifically, plaintiff challenges the trial court's findings of fact pertaining to the (1) marital residence, (2) Toyota Tundra truck, and (3) Sun Downer 3HBP Stock Trailer. We disagree.
N.C. Gen. Stat. § 50-21(b) provides in pertinent part that "[f]or purposes of equitable distribution, marital property shall be valued as of the date of the separation of the parties...." N.C.G.S. § 50-21(b) (2015).
In determining the value of the property, the trial court must consider the property's market value, if any, less the amount of any encumbrance serving to offset or reduce the market value. Furthermore, in doing all these things the court must be specific and detailed enough to enable a reviewing court to determine what was done and its correctness.
Hill v. Hill , 229 N.C. App. 511, 516, 748 S.E.2d 352, 357 (2013) (quoting Robinson v. Robinson , 210 N.C. App. 319, 323, 707 S.E.2d 785, 789 (2011) ). "This Court will not 'second-guess values of marital ... property where there is evidence to support the trial court's figures.' " Plummer v. Plummer , 198 N.C. App. 538, 540, 680 S.E.2d 746, 748-49 (2009) (alteration in original) (quoting Pellom v. Pellom , 194 N.C. App. 57, 62, 669 S.E.2d 323, 325 (2008) ).
1. Marital Residence
Plaintiff contends the trial court erred in its valuation of the marital residence. In support of her contention, plaintiff points to her testimony as to the many separate financial contributions she made toward the marital residence, including funds to "work on the house, or work on the garage and barn and so forth." Specifically, she contends she invested $12,000.00 into the home, which sum was borrowed against her Great West Life Insurance (determined to be her separate property), and spent $5,461.69 on her Lowe's Credit Card for house projects, which the trial court also determined to be plaintiff's separate debt.
The trial court found defendant had possession of the marital residence and described it as "House and 8.403 acres located in 224 Nina Street, Yadkin County, North Carolina, and recorded in Book 828, Page 442, Yadkin County Registry. The parties own 2/3 interest in said house and land." The trial court determined the net value of the residence to be $6,733.38 as of the date of separation, after making the following calculation: "$234,500.00 - $201,260.00 (mortgage) [=] $33,240.00 - $23,140.44 (default judgment)[1 ][=] $10,099.56. 2/3 of $10,099.56 = $6,733.38."
At the hearing, counsel for defendant advised the court that the appraisal value of the marital residence was $234,500.00, and the net value was $10,099.56. It is clear that there were affidavits, exhibits, and/or other supporting documents before the trial court. While none of defendant's exhibits or affidavits have been provided to this court, it is apparent that the trial court used evidence presented by defendant in its equitable distribution order.[2] Plaintiff, on the other hand, appeared to present no documentation to the court to support her contention that the marital residence had a net value of $70,000.00:
The Court: ... All right, now, ma'am, what do you contend to be the net value [of the residence] on the date of separation?
[Plaintiff]: $70,000.00
The Court: Now how do you come [up] with the $70,000.00?
[Plaintiff]: Well, we had been remodeling the house and [defendant] made a statement that the house was worth $310,000.00 when he was under affidavit in court.
The Court: Well, that's neither here nor there, ma'am. What do [you] have to prove that-
[Plaintiff]: I have nothing to prove, sir, because-
The Court: -so you're just drawing that figure out-
[Plaintiff]: -all my records and my bills of sales-
The Court: -out of thin air.
[Plaintiff]: -he has and all my records were on my hard drive which he erased.
The Court: So you've pulled out the figure of $70,000.00?
[Plaintiff]: Based off of the $310,000.00 is the value that he stated.
The Court: So you're not taking into consideration the purchase price or the appraisal price or the tax price?
[Plaintiff]: Well, the house had been appraised during that time for much more than what we're seeing here today.
The Court: Do you have that appraisal?
[Plaintiff]: No, I do not.
Plaintiff, therefore, had nothing to support her contention that the net value of the marital residence was $70,000.00. Accordingly, despite plaintiff's failure to include relevant documents in the record, the transcript of the hearing indicates there was competent evidence from which the trial court could conclude that the net value of the marital residence was $10,099.56. Plaintiff's argument that the trial court erred in its valuation of the residence is overruled.
2. Toyota Tundra Truck
Plaintiff contends the appraised tax value of the truck (in the possession of defendant) less the amount owed on the date of separation should have produced a net value of $6,845.19, as opposed to the figure assigned by the trial court of $1,645.19. Plaintiff contends the trial court erred in using the "nearly three year post-separation date appraisal of $14,000.00 from CarMax." We disagree.
At the hearing, plaintiff testified "at date of separation the truck was worth about $28,000.00." Plaintiff testified she got this figure from the Blue Book, but when the court asked to see evidence to support this contention, she told the court "I may have to get access to the computer to show you that." Exhibit Number 17, which was before the trial court, is not included in the record on appeal. This exhibit appears to have been an appraisal of the Toyota Tundra at a value of $14,000.00 according to the transcript of the hearing. Counsel for defendant informed the court that there was a debt on the vehicle in the amount of $12,354.81, making the net value $1,656.19.[3] On appeal, plaintiff can point to no evidence that was before the trial court to support her argument that the trial court's valuation was incorrect. On the other hand, the trial court's valuation of the Toyota Tundra appears to be supported by competent evidence in the record. Plaintiff's argument is overruled.
3. Sun Downer 3HBP Stock Trailer
Plaintiff challenges the trial court's valuation of the stock trailer at $3,800.00, contending the trial court "guessed at the value." She bases this argument on the trial court's statement that "I think it would have been worth somewhat more than the $3,800.00 on the date of separation." Plaintiff contends the stock trailer is worth $7,000.00. We disagree.
However, because included in the record on appeal is a copy of the appraisal of the stock trailer that was produced to the trial court, listing its trade-in value at $3,800.00, competent evidence supports the trial court's finding of fact, and, therefore, this valuation was not in error. Plaintiff's argument is overruled.
III
Next, plaintiff contends the trial court erred in classifying certain life insurance policies as separate property. We disagree.
"Because the classification of property in an equitable distribution proceeding requires the application of legal principles, this determination is most appropriately considered a conclusion of law." Hunt v. Hunt , 112 N.C. App. 722, 729, 436 S.E.2d 856, 861 (1993). "The trial court's conclusions of law are reviewed de novo." Farm Bureau v. Cully's Motorcross Park , 366 N.C. 505, 517, 742 S.E.2d 781, 789 (2013) (citation omitted).
With regard to plaintiff's life insurance policy and the loan which was borrowed against it, the trial court found as follows:
The plaintiff/wife testified that there was a loan against her life insurance with Great West in the amount of $11,379.73 which she believes is a marital debt. The defendant/husband testified that he believes said loans were prior to the parties' marriage. The plaintiff/wife was instructed by the Court to obtain the necessary documents to verify said debt; however, the Court was not provided with such verification. Consequently the debt is considered separate property to be paid by the Wife.
Plaintiff failed to present evidence to the trial court to support her contention that the life insurance debt was marital debt, and she likewise fails to present a credible argument now on appeal. At the 29 January 2015 hearing, plaintiff was advised by the trial court to come prepared with evidence at the next hearing date to support her contention that this debt was a marital debt. When asked by the court at the 10 April 2015 hearing if she had brought the requested information with her, she replied that she had not. Thus, the trial court's finding of fact stating that the trial court was not presented with verification of the debt, and its conclusion that the debt is separate property, are adequately supported by the record. Plaintiff's argument is overruled.
IV
Lastly, plaintiff contends the trial court abused its discretion in the division and distribution of marital property through its "egregious and salient mistreatment of facts" and what plaintiff alleges are "arbitrary and capricious decisions." We disagree.
"The [trial court's] decision whether to divide the marital estate equally or unequally is entirely within the trial court's discretion, and the trial court's determination in this regard can be disturbed only if a clear abuse of that discretion has occurred." Jones v. Jones , 121 N.C. App. 523, 525, 466 S.E.2d 342, 344 (1996) (citing Harris v. Harris , 84 N.C. App. 353, 358, 352 S.E.2d 869, 872 (1987) ). Only when the evidence fails to show any rational basis for the distribution ordered by the court will its determination be upset on appeal. Brackney v. Brackney , 199 N.C. App. 375, 381, 682 S.E.2d 401, 405 (2009) (citation omitted).
Plaintiff has not shown, nor have we discerned, any abuse of discretion on the part of the trial court in its equitable distribution proceedings or order. Plaintiff's frustration with the equitable distribution proceedings and ultimate result is clear in her pro se brief; however, plaintiff has failed to point to any action or ruling of the trial court which was error or which amounts to an abuse of discretion requiring remand or reversal. "This Court will not 'second-guess values of marital ... property where there is evidence to support the trial court's figures.' " See Plummer , 198 N.C. App. at 540, 680 S.E.2d at 748-49 (citation omitted). Accordingly, we affirm the equitable distribution order of the trial court.
AFFIRMED.
Report per Rule 30(e).
Judges DIETZ and INMAN concur.

The transcript of the proceedings indicates that an equity line of credit taken out on the marital residence had a balance of $23,140.44 on the date of separation, and was at some point reduced to a default judgment. Defendant's Exhibit Number 28, which was purported to reference the default judgment, was not included in the record.

The trial court cites to "Defendant's Exhibit Number 8," an appraisal of the marital residence done by Ricky D. Roberts of Cornerstone Appraisers on 28 August 2011. Defendant's Exhibit Number 8 is not included in the record.

The net value based on comments by counsel for defendant was only $11.00 greater than the value listed in the trial court's order ($1,545.19).