CHRISTINE T. HUGUELET, Plaintiff v. JULES G. HUGUELET, Defendant

No. 9320DC254

(Filed 1 February 1994)

1. **Divorce and Separation § 119 (NCI4th) — loan to husband's sister — no showing of marital debt**

   The trial court did not err by failing to classify as a marital debt a $6,000 loan obtained by defendant husband's sister on the day of separation to pay a debt incurred by a corporation owned in part by the marital estate and in part by the husband's two sisters where there was no evidence or findings that the husband now owes his sister for the amount she borrowed.

   **Am Jur 2d, Divorce and Separation § 879.**

   **Propriety of consideration of, and disposition as to, third persons' property claims in divorce litigation. 63 ALR3d 373.**

2. **Appeal and Error § 105 (NCI4th) — show cause order — not immediately appealable**

   The trial court's order for defendant husband to show cause why sanctions should not be imposed against him with regard to a prior order to transfer to plaintiff wife an automobile in good working order was interlocutory and not immediately appealable.

   **Am Jur 2d, Appeal and Error § 135.**

3. **Divorce and Separation §§ 135, 143 (NCI4th) — equitable distribution — valuation and classification — unequal distribution**

   The evidence in an equitable distribution proceeding supported the trial court's valuation of the household furnishings,

marital home, and five lots, the trial court's classification of two lots, and the trial court's conclusion that an unequal division of the marital property would be equitable under the circumstances.

**Am Jur 2d, Divorce and Separation §§ 937 et seq.**

Appeal by defendant from order signed 2 January 1993 in Richmond County District Court by Judge Michael E. Beale. Heard in the Court of Appeals 6 January 1994.

*Christine Tanner Huguelet, pro se.*

*Evans and Riffle Law Offices, by John B. Evans, for defendant-appellant.*

GREENE, Judge.

Jules G. Huguelet (Mr. Huguelet) appeals from an order signed 2 January 1993 by Judge Michael E. Beale awarding Christine T. Huguelet (Mrs. Huguelet) an equitable distribution of marital assets.

Mr. and Mrs. Huguelet were married on 9 January 1972 and two children were born of the marriage. In October 1990, Mrs. Huguelet filed a complaint seeking divorce from bed and board, custody of their two minor children, child support, and possession of the homeplace and automobile. On 10 September 1991, she filed a second complaint asking for an absolute divorce and an order equitably dividing the marital property of the parties. An absolute divorce was entered on 28 October 1991. By Order entered 10 April 1991 and dated 19 August 1991 by Judge Donald R. Huffman, Mrs. Huguelet was given custody of the children, and Mr. Huguelet was ordered to pay $200.00 per month in child support and to convey a Fiat Spider automobile, in good working order, to off-set delinquent child support payments.

On 5 January 1993, the trial court filed an equitable distribution "order" in which the trial court made certain pertinent findings of fact:

4. That the parties separated on or about August 31, 1990.

. . . .

15. That during the course of the marriage [Mr. Huguelet] went into the business as "Huguelet's Jewelry Store, Inc." by acquiring a majority of shares from his two sisters. That the business was incorporated with [Mr. Huguelet] owning 51% of the shares and with his two sisters owning 49% of the shares.

. . . .

17. . . . as of the date of separation . . . Huguelet's Jewelry Store, Inc. . . . owed . . . $6,687.00 to Cornerstone Associates . . . .

18. That at the date of separation of the parties, a sister of [Mr. Huguelet] borrowed from the State Credit Union, money in the amount of $6,000.00 to pay off . . . [the] Cornerstone Associates [debt] . . . and the Court finds that this debt is a separate debt of [Mr. Huguelet].

In addition, the trial court made findings of fact showing that it considered the twelve factors listed in N.C. Gen. Stat. § 50-20(c) that a trial court must consider in deciding whether an equal division of marital property would be equitable.

Based upon these findings, the court concluded under N.C.G.S. § 50-20(c) that an equal division would not be equitable and ordered that

[Mr. Huguelet] shall appear at the December 21, 1992 term of Richmond County District Court to determine what sanctions, if any, should be levied by the Court against him in the event the Court should determined [sic] that he had failed to comply with Judge Huffman's Order dated April 10, 1991 and signed August 19, 1991. Said sanctions to be in reference to the Fiat automobile referred to in Judge Huffman's Order.

The issues presented are whether: (I) the trial court erred in failing to classify the $6,000.00 loaned to Mr. Huguelet's sister at the date of separation as a marital debt where the loan was allegedly used to pay off a marital debt; (II) the trial court's order for Mr. Huguelet to show cause why sanctions should not be imposed against him with regard to the Fiat Spider is interlocutory and therefore not immediately appealable; and (III) the trial court's findings of fact are sufficient to support the court's valuation and classification of certain real and personal property and the court's

conclusion that an equal distribution would not be equitable under the circumstances.

I

[1] Mr. Huguelet argues that the $6,000.00 loan his sister obtained on the day of separation to pay a debt incurred before the day of separation by a corporation owned in part by the marital estate must be classified as a marital debt, and the trial court erred in classifying it as the separate debt of Mr. Huguelet. We disagree.

N.C.G.S. § 50-20 does not define "marital debt," but does define marital property as that property "acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned . . . ." N.C.G.S. § 50-20(b)(1) (Supp. 1993). Although this Court and our Supreme Court have not specifically addressed whether in order for a debt to be marital, it must be incurred before the date of separation, *Byrd v. Owens*, 86 N.C. App. 418, 424, 358 S.E.2d 102, 106 (1987) implied as much by stating that debts must be classified, valued, and distributed as other assets. Furthermore, we see no rationale for treating debts differently from assets by excluding the statutory language of Section 50-20(b)(1) "before the date of separation" from the definition of a marital debt. A marital debt, therefore, is one incurred during the marriage and before the date of separation by either spouse or both spouses for the joint benefit of the parties. *See Byrd; Geer v. Geer*, 84 N.C. App. 471, 353 S.E.2d 427 (1987). Additionally, any debt incurred by one or both of the spouses after the date of separation to pay off a marital debt existing on the date of separation is properly classified as a marital debt. *See Peak v. Peak*, 82 N.C. App. 700, 704, 348 S.E.2d 353, 356 (1986) (assets acquired in exchange for marital assets is considered marital property to extent of contribution even after separation). In this case, the $6,000.00 debt was incurred on the date of separation, not before the date of separation, and thus qualifies as a marital debt only if it was incurred by one or both of the spouses to pay off a marital debt. Assuming the debt paid with the $6,000.00 was a marital debt, there is no evidence or findings of fact that the $6,000.00 debt became the debt of either spouse. All the evidence and all the findings of fact reveal that the $6,000.00 debt was incurred by the sister of Mr. Huguelet. Because there are no findings and no evidence that Mr. Huguelet now owes his sister for borrowing the $6,000.00 from the State

Credit Union, the court did not err in failing to classify the loan to Mr. Huguelet's sister as a marital debt.

## II

[2] Mr. Huguelet also argues that the trial court erred in issuing a show cause order against him because of "the lack of any evidence" that he failed to comply with the order to transfer the Fiat Spider in good working order. There is no right of immediate appeal from interlocutory orders unless the trial court certifies the issue or it affects a substantial right of the party. *Baker v. Rushing*, 104 N.C. App. 240, 245, 409 S.E.2d 108, 111 (1991). The appeal of this issue is interlocutory, has not been certified by the trial court, and does not affect a substantial right; therefore, we do not address this issue.

## III

[3] Mr. Huguelet makes other assignments of error challenging the trial court's valuation of the household furnishings, marital home, and five lots on Rosedale Lane, the trial court's classification of two lots located on Rosedale Lane, and the trial court's conclusion that an unequal distribution of marital property in this case would be equitable under the circumstances. We have reviewed these contentions and find that the trial court's findings are supported by competent evidence in the record; therefore, the trial court did not err in its valuation or classification of that property or in its conclusion to divide the marital property unequally.

Affirmed.

Judges COZORT and WYNN concur.