BEVERLY McNEELY, PLAINTIFF v. BOYD R. McNEELY, DEFENDANT

No. COA08-917

(Filed 17 March 2009)

**1. Divorce— equitable distribution—value of property— mortgage payment—divisible property**

The trial court did not err in finding the net value of a property in dispute in an equitable distribution action where a prior appeal had determined that there was sufficient evidence to support the net value found by the court, and the trial court adhered to the remand instructions when it found the amount paid by the husband from his funds toward the mortgage and classified the payment as divisible property.

McNEELY v. McNEELY

[195 N.C. App. 705 (2009)]

**2. Divorce— equitable distribution—mortgage—marital debt**

The trial court did not err in an equitable distribution action by concluding that a mortgage was a marital debt where the debt was a joint obligation incurred on entireties property two months before separation.

**3. Divorce— equitable distribution—post-separation mortgage payment—divisible property**

The trial court did not err in an equitable distribution action by classifying a post-separation mortgage payment as divisible property. N.C.G.S. § 50-20(b)(4)(d) (2007).

**4. Divorce— equitable distribution—post-separation payment of debt—separate funds lent to business**

The trial court did not abuse its discretion in an equitable distribution action in the way the husband was given credit for a post-separation payment to reduce a marital mortgage debt where the wife had lent her separate funds to the marital business and the parties's assets were not liquid.

Appeal by defendant from judgment entered 28 March 2008 by Judge Robert S. Cilley in Transylvania County District Court. Heard in the Court of Appeals 28 January 2008.

*Adams Hendon Carson Crow & Saenger, P.A., by Joy McIver and Matthew S. Roberson, for plaintiff-appellee.*

*Donald H. Barton, P.C., by Donald H. Barton, for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Defendant Boyd R. McNeely appeals a modified judgment of equitable distribution entered 28 March 2008. For reasons discussed herein, we affirm.

## I. Background

Plaintiff Beverly McNeely ("wife") and defendant Boyd R. McNeely ("husband") were married 20 October 2001, separated 7 June 2003, and have since divorced. This appeal primarily involves characterization of a post-separation mortgage payment made by husband on an 8.627-acre tract of jointly owned land located on Country Club Road in Brevard, North Carolina ("the Country Club property"). Both parties purchased the Country Club property as tenants by

entireties for $76,900.00 in April 2003, approximately two months prior to their separation. Simultaneously with the purchase, the parties obtained a mortgage securing the joint obligation on the Country Club property. In August of 2005, more than two years after the parties' separation, husband sold his separately owned trailer park property for $203,000.00 and used $75,644.00 of the proceeds to pay off the mortgage on the Country Club property.

### A. Initial Hearing

This matter was initially heard in Transylvania County District Court on 27-28 April 2006. The trial court entered its original judgment of equitable distribution ("original judgment") on 25 August 2006. The original judgment found that husband had made a payment on the mortgage after the parties' separation. However, the original judgment did not contain any sufficiently specific findings regarding the amount husband had paid or the mortgage's impact on the date of separation valuation. Despite this marital indebtedness, the trial court found the Country Club property's net value on the date of separation to be $76,900.00. The trial court found that a distribution in the proportion of 60.43% of the marital estate to wife and 39.57% to husband was equitable, and divided the assets accordingly.

### B. First Appeal

Husband's previous appeal contended that the trial court erred in finding that the net value of the Country Club property on the date of separation was $76,900.00. On this issue, we remanded the matter to the trial court to determine what credit, if any, the husband should receive for reduction of debt on marital property. *McNeely v. McNeely*, 2008 N.C. App. LEXIS 217, 2008 WL 304922 (N.C. App. Feb. 5, 2008) (No. COA07-483) (*"McNeely I"*). We explained that

> husband made loan payments on the mortgage after the date of separation, although "how much he paid, and how much was interest, [wa]s not in evidence." . . . "[I]t would appear that [husband] should be credited with at least the amount by which he decreased the principal owed on the marital [Country Club property]."

*Id.* (citations omitted).

### C. Hearing After Remand

On remand, husband proved that, post-separation, he extinguished the $75,644.00 mortgage on the Country Club property, from

his separate funds. On 28 March 2008, the trial court entered a modified judgment of equitable distribution ("modified judgment"). Consistent with our mandate, the court properly awarded $11,084.48 in escrow funds to husband as his separate property. The court also awarded husband credit for the post-separation payment on the Country Club property. The subsequent judgment of the trial court explains its methodology in the following findings:

> 5. There exists a tract of land on Country Club Road . . . . The parties concede it is marital. It had a gross fair market value on the date of separation of $76,900 which was its purchase price in April, 2003. . . . Husband sold his separate properties on August 2, 2005, and paid off the loan, thus freeing this parcel of encumbrance. *Husband made the loan payments after the date of separation, and the effect of those payments was to eliminate a marital debt to the extent of $75,644.* . . . The court finds that the net value of the 8.627 acres on the date of separation was $76,900.

> . . . .

> 14. In addition to having various items of personalty at the time of this marriage, Wife had a quantity of money. Out of that premarital money, over the course of the marriage, Wife deposited a total of $178,710 into the McNeely Landscaping account, such deposits being each duly noted as "Loan from Beverly." No check is ever shown as explicitly repaying any such loan . . . . Because [it] is not possible to point to any specific asset and call it the proceeds of the loans, the court considers the fact of the money deposited as "Loan from Beverly" as a distributional factor.

> 15. [B]ecause marital estate [is] so heavily concentrated in large, non-liquid assets, and because a distribution in kind is practical, the court's distribution will not necessarily follow what the parties recommended.

> 16. Because of the weight that the court has given the distributional factor discussed in finding 14, an equal distribution of the net marital estate is not equitable. . . . [T]he distributional factor discussed in finding 14 persuades the court that Wife's portion should be about $178,700 higher than Husband's. In fact (as an examination of the distribution set forth below will confirm), the difference is not quite that much, because of other distributional factors. . . . [This is] how the court has dealt with Husband's payment of the deed of trust[:] The court subtracted the debt from

the marital estate, which has the effect of spreading the debt equally. The court then assigned Husband's payments on that debt (as divisible property) entirely to Husband, at their negative value, thus giving him sole credit for their payment, and in effect debiting Wife's portion by the part of the marital debt that she theoretically should have been responsible for.

(Emphasis added.) Husband appeals the modified judgment.

## II. Standard of Review

The trial court has discretion in distributing marital property and "the exercise of that discretion will not be disturbed in the absence of clear abuse." *Lawing v. Lawing*, 81 N.C. App. 159, 162, 344 S.E.2d 100, 104 (1986). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

## III. Issues

In this appeal, husband contends that the trial court erred in its modified judgment by failing to properly credit him with the sum of $75,644.00 after receiving evidence of his post-separation mortgage payment on the Country Club property. Husband argues that the trial court should have either distributed additional marital assets to him valued at $75,644.00 or returned his separate funds of $75,644.00.

Husband specifically assigns error to the findings of fact and conclusions of law in the modified judgment which provide that: (1) the net value of the Country Club property on the date of separation was $76,900.00; (2) the mortgage on the Country Club property was a marital debt; and (3) husband's post-separation payment on the mortgage constituted divisible property with a negative value of $75,644.00. Husband also asserts that, in light of his post-separation mortgage payment, from his separate funds, the trial court abused its discretion when it awarded wife three of the four marital real properties. We disagree.

## IV. Modified Judgment of Equitable Distribution

N.C. Gen. Stat. § 50-20 provides that, in an equitable distribution proceeding, the trial court "shall determine what is the marital property and divisible property and shall provide for an equitable distribution of the marital property and divisible property between the par-

ties[.]" N.C. Gen. Stat. § 50-20(a) (2007). Marital property is restricted to property acquired before the date of separation. N.C. Gen. Stat. § 50-20(b)(1). In an effort to equitably account for post-separation events, N.C. Gen. Stat. § 50-20(b) was amended in 1997 to include the category of "divisible" property. *See* 1997 N.C. Sess. Laws ch. 302, § 1; N.C. Gen. Stat. § 50-20(b). The definition of divisible property, pursuant to N.C. Gen. Stat. § 50-20(b), was amended in 2002 to include increases and decreases in marital debt. *See* 2002 N.C. Sess. Laws ch. 159, § 33.5; N.C. Gen. Stat. § 50-20(b)(4).

A. *Net Value*

[1] Husband assigns error to the trial court's finding that the net value of the Country Club property on the date of separation was $76,900.00. He argues that the net value should be zero because the property was encumbered by a mortgage. "Prior to ordering an equitable distribution of marital property, the trial judge is required to calculate the net fair market value of the property." *Carlson v. Carlson,* 127 N.C. App. 87, 91, 487 S.E.2d 784, 786, *disc. reviews denied,* 347 N.C. 396, 494 S.E.2d 407 (1997). The trial court calculates the net fair market value of a property, by reducing its fair market value by the value of any debts that are attached to the property. *Id.*

"In appellate review of a bench equitable distribution trial, the findings of fact regarding value are conclusive if there is evidence to support them, even if there is also evidence supporting a finding otherwise." *Crutchfield v. Crutchfield,* 132 N.C. App. 193, 197, 511 S.E.2d 31, 34 (1999). "This Court is not here to second-guess values of marital and separate property where there is evidence to support the trial court's figures." *Mishler v. Mishler,* 90 N.C. App. 72, 74, 367 S.E.2d 385, 386, *disc. review denied,* 323 N.C. 174, 373 S.E.2d 111 (1988).

In *McNeely I,* we had already decided that there was sufficient evidence to support the net value of $76,900.00. 2008 N.C. App. LEXIS 217, 2008 WL 304922. In our determination, we explained that:

Without copies of the mortgage documents in the record on appeal from April 2003 (when the mortgage was taken out by the parties) or August 2005 (when the mortgage was satisfied by husband), this Court cannot contradict the trial court's finding with respect to the value of the Country Club property, rather than reduce[] in net value to zero on the date of separation, as husband contends. In the absence of clear abuse of discretion, we must find as conclusive the trial court's findings of fact regarding the

value of the marital Country Club property, "even if there is also evidence supporting a finding otherwise."

*Id.* (citations omitted). After affirming the net value of $76,900.00, this Court remanded the case so that the trial court could determine the amount to be credited to husband for reducing the debt on the Country Club property. *Id.* On remand, it found that husband paid $75,644.00 from his separate funds toward the mortgage and classified the payment as divisible property. Given that the trial court adhered to our instructions, this assignment of error is overruled.

B. *Classification of Debt*

[2] Husband also assigns error to the trial court's conclusion that the mortgage on the Country Club property was a marital debt. "[A] marital debt is defined as a debt incurred during the marriage for the joint benefit of the parties." *Geer v. Geer,* 84 N.C. App. 471, 475, 353 S.E.2d 427, 429 (1987). Here, the debt was a joint obligation incurred on entireties' property, two months prior to the date of separation. We overrule this assignment of error.

C. *Classification as Divisible Property*

[3] Husband also contends that the trial court erred in classifying his post-separation mortgage payment as divisible property. The definition of divisible property, pursuant to N.C. Gen. Stat. § 50-20(b)(4)(d), was amended in 2002, to include "*decreases in marital debt* and financing charges and interest related to marital debt." *See* N.C. Sess. Laws ch. 159, § 33.5; N.C. § 50-20(b)(4)(d) (2007) (emphasis added). As a result of this amendment, the trial courts were directed to classify all post-separation payments of a marital debt, made by either spouse after 11 October 2006, as divisible property. *See Warren v. Warren,* 175 N.C. App. 509, 517, 623 S.E.2d 800, 805 (2006).

In the present case, husband decreased the marital debt by $75,644.00 in August 2005 by paying the mortgage on the Country Club property. The trial court properly classified this payment as divisible property, and therefore, we overrule this assignment of error.

D. *Credit for Post-Separation Payments*

[4] Husband argues that the trial court erred by failing to properly grant him credit for the payment he made to decrease the mortgage debt. He argues that, in light of his post-separation payment, he should have either been credited with $75,644.00 in additional marital assets, such as the Country Club property, or have been

returned his $75,644.00. After careful review, we do not find an abuse of discretion.

The equitable distribution statute provides that the trial court should divide the marital property equally "by using net value of marital property and net value of divisible property[.]" N.C. Gen. Stat. § 50-20(c). However, "[i]f the court determines that an equal division is not equitable, the court shall divide the marital property and divisible property equitably." *Id.* When making an unequal distribution, the trial court must make findings to indicate that it has considered the distributional factors listed in N.C. Gen. Stat. § 50-20(c), which includes "[a]ny other factor which the court finds to be just and proper." N.C. Gen. Stat. § 50-20(c)(12); *see Collins v. Collins*, 125 N.C. App. 113, 117, 479 S.E.2d 240, 242, *disc. review denied*, 346 N.C. 277, 487 S.E.2d 542 (1997).

In its original judgment, the parties' marital estate was valued at approximately $458,375.00. The trial court awarded wife approximately 60.43% of the estate, valued at $276,984.00, and husband received the remaining 39.57% of the estate, valued at approximately $181,391.00.[1] At the time, the trial court did not have evidence of the amount which husband paid toward the Country Club property mortgage and therefore, assigned the Country Club property a net value of $76,900.00 and awarded it to wife.

In *McNeely I*, we determined that $11,084.48 of funds previously awarded to wife as marital property was the separate property of husband. 2008 N.C. App. LEXIS 217, 2008 WL 304922. This reduced the value of the marital estate to $447,291.00 and wife's award to $265,900.00.

In its modified judgment, in accordance with our instructions in *McNeely I*, the trial court made a finding of fact that husband had contributed $75,644.00 of his separate funds to pay off the Country Club mortgage. Furthermore, it explained in detail how it granted husband credit for his payment. Next, the trial court subtracted the amount of $75,644.00 from the value of the marital estate, so that the mortgage debt could be spread equally between both parties, which resulted in a marital estate having a value of $371,647.00.

The trial court credited husband for his contribution toward the Country Club property mortgage by subtracting $75,644.00 from his award in order to give him sole credit for satisfying the marital debt.

1. All figures are rounded.

As a result, the value of husband's award was reduced to $105,747.00, which was $160,153.00 less than wife's award, valued at $265,900.00.

To support its division, the trial court found that over the course of the marriage, wife had lent $178,710.00 of her separate funds to the marital business, McNeely Landscaping, and that there was no evidence that she had been repaid. The trial court considered this loan as a distributional factor because it "is not possible to point to any specific asset and call it the proceeds of the loans[.]" Due to the non-liquid nature of the parties' assets and the amount of wife's loan, the trial court determined that wife should be awarded $178,700.00 more than husband. Therefore, it would not have been equitable for the trial court to award husband any additional assets or funds. Because the trial court made sufficient findings of fact to consider wife's loan as a distributional factor, we find no abuse of discretion. Having concluded that the trial court correctly classified husband's post-separation payment as divisible property, granted husband credit for the payment, and made sufficient findings of fact reflecting its distribution decision, we overrule the assignments of error.

V. Conclusion

There being no abuse of discretion in the division of the parties' marital estate and debt, the modified judgment of equitable distribution is affirmed.

Affirmed.

Judges McGEE and JACKSON concur.