DIETZ, Judge.
 

 *467
 
 The central issue in this appeal is how trial courts in equitable distribution proceedings should classify money in a 529 Savings Plan created
 
 *468
 
 and funded during the marriage. These investment programs permit parents to set aside money for their children's college expenses under tax-favorable conditions.
 

 Defendant Melissa Berens argues that contributions to a 529 Savings Plan are gifts to the parties' children and thus are not marital property. Alternatively, Ms. Berens asks this Court as a policy matter to "carve 529 plans out of the marital estate" through a court-created rule that treats this property differently from other marital assets.
 

 As explained below, we reject Ms. Berens's arguments. The beneficiaries of 529 Savings Plans do not have any ownership or control of the funds; the plan participants can choose not to spend the money on their child's education and (after paying a penalty) spend the money on something else entirely. Thus, contributions to 529 Savings Plans cannot be
 
 *157
 
 gifts under property law. Moreover, this Court lacks the authority to create a "carve out" for 529 Savings Plans in the definition of marital property. Equitable distribution is a creature of statute and that change must come, if at all, from the General Assembly. In the meantime, trial courts can and should consider the intended purpose of these marital funds when determining an appropriate equitable distribution.
 

 Ms. Berens also challenges the sufficiency of the trial court's findings of fact. As explained below, one of the court's findings is insufficient under our case law and we therefore vacate and remand the court's order in part. On remand, the trial court, in its discretion, may enter a new order based on the existing record or may conduct any further proceedings that the court deems necessary.
 

 Facts and Procedural History
 

 After more than twenty years of marriage, Michael Berens and Melissa Berens separated in July 2012 and divorced in December 2014. Both parties hold engineering degrees. Mr. Berens is employed and earns more than $300,000 per year. Ms. Berens is a stay-at-home mom.
 

 The parties have six children and, during the marriage, created 529 Savings Plans for several of the children. They funded those 529 Savings Plans with money Mr. Berens earned during the marriage. The parties designated Ms. Berens as the plan participant and owner of the 529 Savings Plan accounts.
 

 In June 2013, Mr. Berens filed a complaint for equitable distribution. After a hearing in mid-November 2016, the trial court entered an equitable distribution order in April 2017. The court determined that an unequal division of the property was equitable and distributed
 
 *469
 
 approximately 57% of the marital estate to Ms. Berens, including the marital home and the 529 Savings Plans. Ms. Berens timely appealed.
 

 Analysis
 

 I. Classification of 529 Savings Plans
 

 The primary issue in this appeal is, somewhat surprisingly, a question of first impression: in an equitable distribution proceeding, how should courts classify funds held in a 529 Savings Plan that a married couple created during the marriage for their child's educational expenses?
 

 A 529 Savings Plan gets its name from Section 529 of the Internal Revenue Code, which permits states to establish "qualified tuition programs."
 
 26 U.S.C. § 529
 
 . As relevant here, our State's 529 Savings Plan program permits parents to save money under tax-favorable conditions to later be used for their children's higher education expenses.
 
 See
 
 North Carolina's National College Savings Program,
 
 Program Description
 
 (Jan. 23, 2017), 5, 24.
 

 The issue in this appeal is whether funds that the parties contributed to several 529 Savings Plans during the marriage are marital property. In an equitable distribution proceeding, the trial court must classify the parties' property into one of three categories-marital, divisible, or separate-and then distribute the parties' marital and divisible property.
 
 N.C. Gen. Stat. § 50-20
 
 . The statute defines marital property as "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property or divisible property."
 

 Id.
 

 § 50-20(b)(1). Property that was acquired but then given away to some third party during the marriage-including a gift to the married couple's minor children-is not subject to equitable distribution.
 
 See
 

 Lawrence v. Lawrence
 
 ,
 
 100 N.C. App. 1
 
 , 16,
 
 394 S.E.2d 267
 
 , 274 (1990).
 

 Ms. Berens contends that the money contributed to the parties' 529 Savings Plans were gifts to the children listed as the plan beneficiaries. Thus, she argues, "the accounts fall outside the marital estate and the trial court did not have subject-matter jurisdiction to distribute them." We disagree.
 

 "In order to constitute a valid gift, there must be present two essential elements: 1) donative intent; and 2) actual or constructive delivery."
 
 Courts v. Annie Penn Mem'l Hosp., Inc
 
 .,
 
 111 N.C. App. 134
 
 , 138,
 
 431 S.E.2d 864
 
 , 866 (1993). "These two elements act in concert, as the present intention
 
 *158
 
 to make a gift must be accompanied by the delivery, which
 
 *470
 
 delivery must divest the donor of all right, title, and control over the property given."
 

 Id.
 

 Applying this settled property law principle, the parties' contributions to their 529 Savings Plans were not gifts. In their briefs, both parties discuss various tax implications of 529 Savings Plan contributions at length. But the treatment of these plans for tax purposes does not control the determination of ownership under the equitable distribution statute. Instead, we look to whether the parties delivered an ownership interest in those funds to their children, thereby divesting themselves of that interest.
 

 Id.
 

 They did not. As Ms. Berens conceded at oral argument, her children have no ownership rights in the money in the 529 Savings Plans. Our State's 529 Savings Plan criteria state that the plan participants "retain[ ] ownership of and control over the Account" and their children, as the account beneficiaries, have "no control over any of the Account assets."
 
 Program Description
 
 , at 12. Moreover, parents are under no obligation to spend the money in a 529 Savings Plan on the educational expenses of the children listed as the plan beneficiaries. For example, a family with four 529 Savings Plans, one for each of their four children, could later choose to use all the money for a single child with particularly high college expenses. Or those same parents could withdraw all the money, pay a tax penalty, and buy a vacation home. Whether these are wise decisions, or ones that parents likely would make, is irrelevant-parents
 
 could
 
 do so if they wanted, and this is proof that 529 Savings Plan contributions are not gifts to the plan beneficiaries.
 
 See
 

 Courts
 
 ,
 
 111 N.C. App. at 138
 
 ,
 
 431 S.E.2d at 866
 
 .
 
 [1]
 
 Thus, absent some additional actions by the parents to restrict the use of the 529 Savings Plan funds, those funds are solely the property of the parents.
 

 Because the parties owned the funds in the 529 Savings Plans, the trial court properly treated those funds as marital property. Indeed, the trial court had no choice-the parties concede that the 529 Savings Plan accounts consist of money acquired by the parties during the marriage and, as explained above, the parties, not their children, own
 
 *471
 
 the money in those accounts. Thus, the equitable distribution statute required the trial court to classify those funds as marital property.
 
 N.C. Gen. Stat. § 50-20
 
 (b)(1).
 

 Ms. Berens also argues, compellingly, that classifying a 529 Savings Plan as marital property could have negative policy consequences-most obviously, the risk that the spouse who receives the 529 Savings Plans through equitable distribution might be forced to use those funds for purposes other than the children's educational expenses. She contends that "[i]f it is in the public interest to promote education, then 529 accounts must be removed and protected from the unrelated, fragile contract of marriage."
 

 But the courts are the wrong forum to make this policy argument. Equitable distribution is a creature of statutory law that acts as an alternative to the common law claims and rights that otherwise would govern the parties' ownership of their property following a divorce.
 
 Lamb v. Lamb
 
 ,
 
 92 N.C. App. 680
 
 , 685,
 
 375 S.E.2d 685
 
 , 688 (1989). As a result, this Court has no authority to do as Ms. Berens requests and "carve 529 plans out of the marital estate for the benefit of the children prior to distribution of property and debts." It is for the General Assembly, not this Court, to define by statute what property is classified as marital and subject to equitable distribution under this statutory scheme.
 

 In any event, the courts are far from powerless to address these policy concerns. After classifying the parties' property according to law, trial courts have broad discretion to distribute marital property in an equitable
 
 *159
 
 manner.
 
 Petty v. Petty
 
 ,
 
 199 N.C. App. 192
 
 , 197,
 
 680 S.E.2d 894
 
 , 897-98 (2009). Trial courts can, and should, use this discretion to minimize the risk that one spouse is forced to use marital assets in a 529 Savings Plan for purposes other than the intended beneficiary's educational expenses.
 
 [2]
 
 But in classifying property, courts must adhere to the requirements of the equitable distribution statute. The trial court properly did so in this case when it classified the parties' 529 Savings Plans as marital property.
 
 *472
 

 II. Trial Court's Findings of Fact
 

 Ms. Berens also argues that the trial court's findings of facts are insufficient to support the court's judgment. As explained below, we agree that one of the trial court's findings is infirm and we remand for the court to address this issue.
 

 The equitable distribution statute permits trial courts to order an unequal division of the parties' marital property, provided that the court considers the relevant statutory factors.
 
 Peltzer v. Peltzer
 
 ,
 
 222 N.C. App. 784
 
 , 788,
 
 732 S.E.2d 357
 
 , 360 (2012). Those factors are enumerated in
 
 N.C. Gen. Stat. § 50-20
 
 (c).
 

 When the court orders an unequal division based on these statutory factors, "the trial court must make findings as to each factor for which evidence was presented."
 
 Rosario v. Rosario
 
 ,
 
 139 N.C. App. 258
 
 , 261,
 
 533 S.E.2d 274
 
 , 276 (2000). Most disputes over the Section 50-20(c) factors concern how specific the court must be in those findings.
 

 Id.
 

 (collecting cases).
 

 This case presents a different issue. In its order, the court addressed each of the twelve statutory factors individually. For the first factor-the income, property, and liabilities of each party-the court stated that it "declines to make any findings of fact as there is no evidence to support this distributional factor":
 

 139. (1) The income, property, and liabilities of each party at the time the division of the property is to become effective.
 

 a. The Court has considered this factor and declines to make any findings of fact as there is no evidence to support this distributional factor.
 

 Ms. Berens argues that this finding is plainly wrong because she presented evidence that she currently had no income and Mr. Berens earned more than $300,000 per year. Ms. Berens contends that, regardless of whether this evidence was sufficient to compel an unequal (in this case, a more unequal) division, it was certainly relevant and thus the trial court erred by finding that there was "no evidence to support this distributional factor."
 

 In his appellee brief, Mr. Berens responds that "[w]hile there may have been evidence presented at trial that
 
 could
 
 have supported this factor being a distributional factor, as the trial court did not find that evidence persuasive, the trial court was not required to list all evidence considered."
 

 *473
 
 Mr. Berens's response is a strawman. The flaw in the court's findings is not the failure to list all potentially relevant evidence-which is not required-but instead the court's statement that there was
 
 no
 
 evidence to support this factor when, in fact, there was.
 

 To be sure, by stating that there was "no evidence to support this distributional factor" the trial court might have meant that it considered the parties' evidence but afforded little or no weight to it.
 
 Peltzer
 
 ,
 
 222 N.C. App. at 788
 
 ,
 
 732 S.E.2d at 360
 
 . But that is not what the court's finding states. We therefore vacate in part and remand the court's order for new findings on this statutory factor. Ms. Berens also argues that the court failed to make sufficient findings concerning several other statutory factors, but our review of the court's order and the record satisfies us that the court's findings on those
 
 *160
 
 factors are sufficient and we affirm those findings.
 
 Rosario
 
 ,
 
 139 N.C. App. at 262
 
 ,
 
 533 S.E.2d at 276
 
 .
 

 Conclusion
 

 We affirm the trial court's classification of the parties' property but vacate and remand the court's order to address an insufficient finding of fact. On remand, the trial court, in its discretion, may enter a new order based on the existing record or may conduct any further proceedings that the court deems necessary.
 

 AFFIRMED IN PART; VACATED IN PART AND REMANDED.
 

 Judges TYSON and BERGER concur.
 

 [1]
 

 Ms. Berens also argues that "529 plans are constructive trusts held for the benefit of the children" and thus are not marital property. But the cases on which she relies are inapposite; they involve situations in which the children hold title to property and the court wrests title from them by imposition of a constructive trust in order to accomplish an equitable distribution of marital property.
 
 See, e.g.,
 

 Sharp v. Sharp
 
 ,
 
 133 N.C. App. 125
 
 , 128,
 
 514 S.E.2d 312
 
 , 314,
 
 rev'd on other grounds
 
 ,
 
 351 N.C. 37
 
 ,
 
 519 S.E.2d 523
 
 (1999). Here, by contrast, the parents, not the children, hold title to the property.
 

 [2]
 

 Ms. Berens also argues that classifying a 529 Savings Plan as marital property could be unjust when third parties such as grandparents contributed to the plan as well. Those third-party contributions, which would be gifts under property law, might impose separate obligations on the use of the plan funds by the parent. But Ms. Berens concedes that all of the funds in the 529 Savings Plans in this case came from the parties' marital assets and, thus, we need not address that question here.