BRYANT, Judge.
 

 *243
 

 *462
 
 Defendant Marilyn W. Sluder appeals from the trial court's order on equitable distribution concluding that a refinanced mortgage was a marital debt to be paid equally by defendant and plaintiff James Bryan Sluder. Where the findings of fact are supported by competent evidence and support the conclusions of law, we affirm the trial court's ruling.
 

 Plaintiff and defendant were married on 25 June 1994 until they separated on 1 July 2007. An absolute divorce was entered on 29 October 2012. During the course of their marriage, the parties acquired several items of property, including real estate properties. One of the properties was a residential property on Panorama Drive. On the date of separation, the parties had an existing mortgage of $207,780.21 on the Panorama Drive property.
 

 Prior to any court involvement, the parties entered into a mutual separation and property settlement agreement regarding the division of their marital assets and debts on 28 February 2008. The separation agreement listed,
 
 inter alia,
 
 the Panorama Drive property as marital property "formerly used by the parties as their family residence" and noted that the parties agreed to be "equally responsible for mortgage payments." The parties also agreed that plaintiff "shall be allowed to reside in home at [the Panorama Drive property] and be responsible for utilities, general maintenance, keeping the house clean and in market ready condition" until the date of sale.
 

 On 25 June 2008, four months after the parties executed the separation agreement, plaintiff refinanced the existing mortgage on the Panorama Drive property to pay off the parties' marital debts. Plaintiff filed a complaint seeking an absolute divorce and equitable distribution on 18 July 2011. Defendant filed an answer and a counterclaim for equitable distribution. The trial court addressed the issue of equitable distribution in three separate orders; collectively serving as the trial court's equitable distribution judgment.
 

 On 2 March 2012, the trial court entered an order for partial settlement for equitable distribution, in which the parties agreed to list the Panorama Drive property for sale and specifically set out that plaintiff agreed "to complete the staining of the deck, paint[ ] the hallway and pressure wash of the deck and other small repairs" in exchange for defendant's agreement "to make stain and paint available for the above repairs."
 

 On 10 July 2012, the trial court entered a consent judgment for equitable distribution, in which the parties agreed to list the Panorama Drive
 
 *463
 
 property. Defendant also agreed to pay plaintiff $22,500, which "shall be paid first after the payment of the ordinary expenses of sale of real estate from the proceeds of the sale of the Panorama [Drive] property. The subsequent percentage division of the proceeds of the Panorama [Drive] property remains undecided by the parties and shall be an issue for the [trial c]ourt."
 

 On 1 October 2012, the trial court entered a judgment and order for equitable distribution. The parties "had agreed that each would pay one-half of the mortgage[ ] on [the Panorama Drive property]" and the trial court ordered them to split the proceeds upon sale of the Panorama Drive property after payment of reasonable expenses--"[p]laintiff [will] receiv[e] 47% of the proceeds and [d]efendant [will] receiv[e] 53% of the proceeds[.] ... [T]his result in part is based on the fact that the parties have agreed that [d]efendant can list the property as a realtor and will receive at least 3% for the sale price." The trial court permitted defendant, who had experience in the real estate business, to handle the sale of the Panorama Drive property, which included the sole discretion of setting the sale price.
 

 In early 2017, the parties were in dispute involving the sale of the Panorama Drive property, and the trial court issued an order on 18 April 2017 allowing defendant and her mother to purchase the property. The contract was signed by the parties in May 2017. Defendant took possession of the property and paid one-half of the mortgage payments
 
 *244
 
 until September 2017. Although defendant had stopped making mortgage payments, she continued to reside at the property.
 

 A hearing was held before the trial court on 23 January 2018 to address whether the refinanced mortgage should be designated as a separate debt of plaintiff. On 20 March 2018, the trial court issued an "Order In the Cause" and concluded that "the refinanced debt on the Panorama Drive property was the refinance of a marital debt[,]" and therefore, was not a separate debt of plaintiff. Defendant appeals.
 

 _________________________
 

 On appeal, defendant argues the trial court erred by ordering that plaintiff and defendant are equally responsible for payment of the mortgage where plaintiff refinanced the existing mortgage after date of separation. We disagree.
 

 Equitable distribution is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. Only a finding that the judgment was
 
 *464
 
 unsupported by reason and could not have been a result of competent inquiry, or a finding that the trial judge failed to comply with the statute, will establish an abuse of discretion.
 

 Wiencek-Adams v. Adams
 
 ,
 
 331 N.C. 688
 
 , 691,
 
 417 S.E.2d 449
 
 , 451 (1992) (citations omitted). "Under N.C.G.S. § 50-20(c), equitable distribution is a three-step process; the trial court must (1) determine what is marital [and divisible] property; (2) find the net value of the property; and (3) make an equitable distribution of that property."
 
 Robinson v. Robinson
 
 ,
 
 210 N.C. App. 319
 
 , 322,
 
 707 S.E.2d 785
 
 , 789 (2011) (internal quotation marks and citation omitted).
 

 We have stated that "[t]he standard of review on appeal from a judgment entered after a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. The trial court's findings of fact are binding on appeal as long as competent evidence supports them, despite the existence of evidence to the contrary."
 

 Johnson v. Johnson
 
 ,
 
 230 N.C. App. 280
 
 , 282,
 
 750 S.E.2d 25
 
 , 27 (2013) (quoting
 
 Peltzer v. Peltzer
 
 ,
 
 222 N.C. App. 784
 
 , 786,
 
 732 S.E.2d 357
 
 , 359 (2012) ).
 

 In the instant case, the trial court's Order In the Cause, in relevant part, makes the following unchallenged findings of fact:
 

 15. On June 25, 2008, [p]laintiff refinanced the mortgage identified in the Separation Agreement which had a balance of $207,780.21. He took the mortgage out in his name alone. In addition, enough money was borrowed to pay some existing debt[s] to writ; an Advanta credit card in the amount of $14,264.31, a Countrywide equity line in the amount of $17,152.66 and a Lowes credit card in the amount of $1,309.05.
 

 ....
 

 20. Both parties['] ED Affidavit also listed as the same marital debt, debts to Advanta, P.O. Box 31032, Tampa, FL 3363, both affidavits carried a notion that the Advanta debt was paid off in the refinance of [the] Panorama Drive property in 2008 in the amount of $14,264.31. Also paid
 
 *465
 
 off in the refinance of 2008 was a Countrywide loan in the amount of $17,152.66.
 

 ....
 

 38. While it is arguable that the parties could have chosen to litigate whether the refinanced mortgage on the Panorama Drive property became the separate debt of [p]laintiff, the parties did not litigate that matter. That the [trial c]ourt's ED Judgment on 10/1/12 does not designate the refinanced mortgage debt as a separate debt of [p]laintiff.
 

 39. That based on the competent and credible evidence presented at the time of the hearings that resulted in the ED Judgment of 10/1/12, the [trial c]ourt was aware of the debt on the Panorama Drive property and that the [trial c]ourt was able to consider said debt in determining an equitable distribution of the estate.
 

 40. That the [trial c]ourt was also aware, at the time of the entry of the ED Judgment of 10/1/12, that the debt on the Panorama Drive property was the refinance of the previous debt on the property and that this
 
 *245
 
 was both marital property and marital debt and that the Panorama Drive property could not be sold without the payment of the lien. ...
 

 The trial court then concluded,
 
 inter alia
 
 , "[t]hat the refinanced debt on the Panorama Drive property was the refinance of a marital debt."
 

 We agree with the trial court's conclusion. This Court has previously recognized that "any debt incurred by one or both of the spouses after the date of separation to pay off a marital debt existing on the date of separation is properly classified as a marital debt."
 
 Huguelet v. Huguelet
 
 ,
 
 113 N.C. App. 533
 
 , 536,
 
 439 S.E.2d 208
 
 , 210 (1994). Additionally, while defendant contends that the refinanced mortgage was a separate debt because it was in plaintiff's name and it occurred after date of separation, there was competent evidence to support that the parties also agreed that the refinanced mortgage was marital debt.
 

 The record reveals that on 2 March 2012, the order for partial settlement on equitable distribution was entered, with the consent of the parties and their respective counsel, in which the parties agreed to "expressly waive[ ] the necessity for the [trial c]ourt to make any detailed
 
 *466
 
 [f]indings of [f]act to identify, classify, value or distribute a portion of their marital property and debts[.]" Prior to this order, the parties separately submitted affidavits delineating their assets. On defendant's affidavit, she certified that the Panorama Drive property was a marital asset and that the refinanced mortgage of $250,000 was a marital debt.
 

 During the 23 January 2018 hearing, plaintiff stated that he refinanced the parties' existing mortgage due to high interest rates and because the parties could not reach a decision on the property--"it was just [in] our best financial interest to consolidate our existing four debts and then that way we had a payment to share till [sic] we got everything situated." In fact, defendant acknowledged, during an earlier equitable distribution hearing in 2012, that because she was under financial strain before the property was listed for sale, "we refinanced" the property to get a lower rate; presumably indicating that she agreed to the refinancing. Defendant stated that her name was left off the refinanced mortgage because her "credit score was not as good as [plaintiff's credit score]." Therefore, defendant cannot now assert on appeal that the refinanced mortgage should be considered separate debt when it was incurred to pay off marital debt, and she agreed it was, in fact, marital debt.
 

 Accordingly, the trial court's findings of fact are supported by the evidence in the record, which in turn supported the trial court's conclusion that the refinanced mortgage was a marital debt. The trial court's ruling is
 

 AFFIRMED.
 

 Judges DAVIS and INMAN concur.