IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-995

Filed 3 September 2024

Haywood County, No. 20CVD142

JASON FORREST KERSLAKE, Plaintiff,

v.

VICKII MICHELLE KERSLAKE (TODD), Defendant.

Appeal by defendant from judgment entered 14 April 2023 by Judge Donna Forga in Haywood County District Court. Heard in the Court of Appeals 14 August 2024.

*Emily Sutton Dezio, PA, by Emily S. Dezio, for the plaintiff-appellee.*

*Connell & Gelb PLLC, by Michelle D. Connell, for the defendant-appellant.*

TYSON, Judge.

Vickii Kerslake Todd ("Wife") appeals from equitable distribution judgment. We affirm in part, reverse in part, and remand.

## I.    Background

Wife and Jason Forrest Kerslake ("Husband") were married on 30 July 2016 and separated three- and one-half years later on 21 January 2020. No children were born of the marriage. Both parties are parents of children from previous marriages.

Husband was previously married to Rebecca Kerslake Thomason. Husband and Thomason divorced in June 2016. Husband and Thomason owned a single-family

home located at 620 Red Maple Drive in Waynesville. Thomason quitclaimed her interest by deed to Husband on 20 September 2019. The same day, Husband quitclaimed an interest to other property by deed as tenant by the entirety to Wife.

Husband and Thomason also owned an undeveloped 1.62-acre lot located on Covered Bridge Trail. The parcel was foreclosed as collateral for unpaid debt, and Husband and Wife acquired the lot out of foreclosure on 18 December 2017. Wife obtained a loan to acquire the property and Husband acquired a loan against their 2024 Spectre Cat boat to pay other costs associated with the acquisition of the foreclosed property.

Following separation, Wife remained in the Red Maple Drive property until leaving for vacation on 1 February 2021. Wife paid the *ad valorum* property taxes on this property in 2019 and 2020. Husband paid the mortgage payments until December 2020. Wife paid the mortgage payments for December 2020 and January 2021. Husband resumed paying the mortgage on 1 February 2021.

Wife filed a complaint for equitable distribution on 5 February 2020. An equitable distribution trial was held on 20-22 March 2023. The trial court entered an equitable distribution judgment on 14 April 2023. Wife appeals.

## II.    Jurisdiction

This Court possesses jurisdiction pursuant to N.C. Gen. Stat. § 7A-27(b) (2023).

## III.    Standard of Review

Trial courts are accorded discretion when distributing marital property, and

"the exercise of that discretion will not be disturbed in the absence of clear abuse." *McNeely v. McNeely*, 195 N.C. App. 705, 709, 673 S.E.2d 778, 781 (2009) (citation and quotations omitted). "A ruling committed to the trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). "Once the trial court decides that an unequal division of the marital property would be equitable, its decision will only be reversed for an abuse of discretion." *Albritton v. Albritton*, 109 N.C. App. 36, 42, 426 S.E.2d 80, 84 (1993) (citation omitted).

"[C]lassification of property in an equitable distribution proceeding requires the application of legal principles," and is therefore subject to *de novo* review. *Romulus v. Romulus*, 215 N.C. App. 495, 500, 715 S.E.2d 308, 312 (2011). A trial court's conclusions of law are reviewed *de novo*. *Mugno v. Mugno*, 205 N.C. App. 273, 276, 695 S.E.2d 495, 498 (2010) (citation omitted).

## IV.   Issues

Wife argues the trial court erred by: (1) classifying a post-separation loan to Husband as a divisible debt; (2) including Husband's separate property as part of the value of the marital estate; (3) distributing Husband's separate foreclosure debt to Wife as a marital debt; (4) finding that a judgment against Husband's business was a marital debt that existed on the date of separation, crediting Husband for paying off the debt, then using this judgment as a factor to award an unequal distribution to

Husband; (5) distributing marital property to children; (6) charging Wife rent for remaining in the marital residence post-date of separation then distributing Husband the residence; (7) ordering an additional distributive award after awarding Husband in excess of 81% of the marital estate; and, (8) ordering an unequal distribution of the marital estate without basis for the award.

## V.  Classification of Post-Separation Support

Wife argues the trial court erred by classifying a post-separation support loan to Husband as a divisible debt when he used the loan proceeds to improve the marital residence that was distributed to him.  In equitable distribution actions, the trial court follows a three-step analytical framework: "(1) identify the property as either marital, divisible, or separate property after conducting appropriate findings of fact; (2) determine the net value of the marital property as of the date of the separation; and (3) equitably distribute the marital and divisible property."  *Mugno*, 205 N.C. App. at 277, 695 S.E.2d at 498.

Our General Assembly has defined marital property as "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property or divisible property[.]" N.C. Gen. Stat. § 50-20(b)(1) (2023).

The General Assembly further defined divisible property, in relevant part, as "[a]ll appreciation and diminution in value of marital property and divisible property

of the parties . . . , except that appreciation or diminution in value which is the result of post-separation actions or activities of a spouse shall not be treated as divisible property[,]" and "passive increases and passive decreases in marital debt[.]" N.C. Gen. Stat. §§ 50-20(b)(4)(a),(d) (2023).

Marital debt is "incurred during the marriage and before the date of separation by either spouse or both spouses for the joint benefit of the parties." *Huguelet v. Huguelet*, 113 N.C. App. 533, 536, 439 S.E.2d 208, 210 (1994). "[A]ny debt incurred by one or both of the spouses after the date of separation to pay off a marital debt existing on the date of separation is properly classified as a marital debt." *Id.*

The trial court made the following finding of fact:

> The court received competent, credible evidence that the detached garage was causing a run-off leak into the basement of the house. The Plaintiff obtained a loan after the date of separation to have the garage repaired and run-off water re-directed. The plaintiff acquired a loan in the total amount of $18,215.55 which the court considers divisible property.

Competent evidence supports the finding of fact that the detached garage was causing water damage to the house. The house is an undisputed marital asset. Wife admitted the carport was a fixture of the house. Husband acquired the post-separation debt to remedy the source of the water damage and prevent further damage to a marital asset.

This Court in *Sluder* upheld a trial court's classification of a debt acquired after the date of separation as marital debt. *Sluder v. Sluder*, 264 N.C. App. 461, 465, 826

S.E.2d 242, 245 (2019). The husband in *Sluder* testified he had "refinanced the parties' existing mortgage due to high interest rates and because the parties could not reach a decision on the property." *Id.* at 465, 826 S.E.2d at 245.

Here, Wife had been staying in the house for a year post-separation, and, upon Husband's return, he discovered ongoing water damage and acted to prevent further damage to the marital asset. The trial court relied upon competent, credible evidence regarding the source of the damage to the marital asset and the costs undertaken to remedy it. Wife's argument is overruled. The trial court's order classifying the loan as divisible property is affirmed.

## VI. Foreclosure Debt

Wife argues the trial court erred by distributing Husband's separate foreclosure debt to Wife as a marital debt.

### A. Standard of Review

A trial court's determination regarding whether property is marital or separate should not be disturbed provided competent evidence supports the findings. *See Riggs v. Riggs*, 124 N.C. App. 647, 649, 478 S.E.2d 211, 212 (1996) (citation omitted). An equitable distribution judgment "will not be disturbed absent a clear abuse of discretion." *Wiencek-Adams v. Adams*, 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992) (citation omitted).

### B. Analysis

Marital debt is "incurred during the marriage and before the date of separation

by either spouse or both spouses for the joint benefit of the parties." *Huguelet*, 113 N.C. App. at 536, 439 S.E.2d at 210.

Here, Husband and Wife purchased the property out of foreclosure during their marriage and both incurred debt to do so. The debt incurred was correctly classified as marital debt. The trial court's order distributing the foreclosure debt to Wife as a marital debt is affirmed.

### VII.    Distributing Marital Property to Children

Wife argues the trial court erred by distributing marital property to children, who were not a party to the proceeding, and occurred without the donative intent of both parties.

In *Berens v. Berens*, this Court examined gifts to minor children, holding:

> [p]roperty that was acquired but then given away to some third party during the marriage–including a gift to the married couple's minor children–is not subject to equitable distribution . . . . In order to constitute a valid gift, there must be present two essential elements: 1) donative intent; and 2) actual or constructive delivery. These two elements act in concert, as the present intention to make a gift must be accompanied by the delivery[.]

*Berens v. Berens*, 260 N.C. App. 467, 469, 818 S.E.2d 155, 157-58 (2018) (citations and quotation marks omitted).

This Court in *Berens* held money contributed to the parties' minor children's 529 Savings Plans was not a gift because the parties did not deliver an ownership interest to their children. *Id.* at 470, 818 S.E.2d at 158.

Here, all three children, who were adults at the time the parties separated, presently possessed and used the vehicles in different states. Husband's testimony regarding the use of marital funds used in purchasing vehicles for both Husband and Wife's respective children, together with the delivery of the vehicles to the children, provides competent evidence of donative intent to not disturb the trial court's decision and judgment. Wife's argument is overruled.

**VIII.    Scaffolding in Marital Estate**

Wife argues the trial court erred in classifying $7,800 worth of scaffolding as a marital asset because it was acquired by Husband before the marriage. Only marital property is subject to equitable distribution under N.C. Gen. Stat. § 50-20(b) (2023). *Chandler v. Chandler*, 108 N.C. App. 66, 68, 422 S.E.2d 587, 589 (1992). Marital property refers to "real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of separation of the parties." N.C. Gen Stat. § 50-20(b)(1). Property acquired by either spouse before marriage is separate property. N.C. Gen. Stat. § 50-20(b)(2) (2023).

Defendant cites *Wade v. Wade* in support of the trial court's authority to transfer title of property when it was necessary for an equitable distribution. 72 N.C. App. 372, 382-83, 325 S.E.2d 260, 270 (1985). In *Wade*, the asset in question, a house, was characterized as partly marital due to the substantial contribution of the defendant to its construction. *Id.* at 380, 325 S.E.2d at 268. Because the house was classified as partly marital property, it was subject to equitable distribution, even

though the land it was built upon was the plaintiff's separate property. *Id.* at 382-83, 325 S.E.2d 270.

Here, Wife made no investment in the scaffolding. It cannot be properly classified as marital or partly marital property. *Id.* As Husband's separate property, it is not subject to equitable distribution. The uncontested evidence shows Husband acquired the scaffolding years prior to his marriage to Wife, making and retaining it as his separate property. The trial court erred in classifying the scaffolding as marital property and distributing it to Wife.

## IX. Business Debt

Wife argues the trial court erred in classifying a judgment against Husband's business as a marital debt. Wife asserts the debt existed on the date of Husband and Wife's separation. The trial court credited Husband for paying off the debt and then used this judgment as a factor to award an unequal distribution to Husband.

A marital debt is "one incurred during the marriage and before the date of separation by either spouse or both spouses for the joint benefit of the parties." *Huguelet*, 113 N.C. App. at 536, 439 S.E.2d at 210. A debt incurred on the date of separation, not before, only qualifies as a marital debt if it is incurred by one or both spouses to pay off an existing marital debt. *Id.*

The judgment against Husband's business was entered on the date of separation. Husband's business is his separate property and is not a marital asset. The judgment does not constitute a marital debt. Despite Husband's assertion that

Wife made herself "part and parcel" of his business, the debt was not incurred before the date of separation. The debt was unrelated to any existing marital debt, excluding it from being classified as marital debt. The debt was improperly denominated as marital debt in the judgment for equitable distribution and is properly classified as Husband's separate debt on remand.

## X. Marital Residence Rent

Wife argues the trial court erred in charging her rent for remaining in the residence after the date of separation, paying the *ad valorem* taxes, and then distributing Husband the residence with a reduced mortgage principal following her mortgage payments.

A spouse is entitled to consideration in equitable distribution proceedings for any post-separation payments made for the benefit of the marital estate, as well as for post-separation use of the marital property by the other spouse. *Walter v. Walter*, 149 N.C. App. 723, 731, 561 S.E.2d 571, 576-77 (2002) (citations omitted).

If the property is distributed to the spouse, who had the post-separation use of it, or who made post-separation payments relating to its maintenance, as a general proposition, no entitlement to a credit or a distributional factor is due. The trial court may weigh the equities in a particular case and find, in its discretion, a credit or distributional factor would be appropriate under the circumstances. *Id.* at 732, 561 S.E.2d at 577.

A spouse to whom the marital debt is not distributed, but who nonetheless makes some payment on the debt from separate funds after separation and before equitable distribution, is entitled to either direct reimbursement by the other spouse or a proportionate increase in the share of the equitable distribution award or marital properties. *Loving v. Loving*, 118 N.C. App. 501, 505-06, 455 S.E.2d 885, 888 (1995). The form and manner of compensation rests within the trial court's discretion. *Id.*

The court is required "to credit a former spouse 'with at least the amount by which he decreased the principal owed' on marital debt by using his separate funds." *McLean v. McLean*, 88 N.C. App. 285, 293, 363 S.E.2d 95, 100 (1987). "[I]f a spouse used separate funds to benefit the marital estate, those payments may be credited to the payor when distributing the marital estate." *Mosiello v. Mosiello*, 285 N.C. App. 468, 476, 878 S.E.2d 171, 178 (2022).

Here, Husband was distributed the marital home and paid the mortgage for ten months while Wife solely occupied it post-separation. Husband is entitled to credit for Wife's post-separation use of the property. Husband used income earned after the date of separation to make the payments. It was within the trial court's discretion to award Husband credit for the mortgage payments. Wife has not shown it was arbitrary or unreasonable for the trial court to credit Husband with a reduced mortgage principal for the ten months he made payments while Wife solely occupied the marital residence post-separation.

Wife also asserts she made payments on the mortgage and property taxes for part of her occupancy. Because the mortgage debt was not distributed to her, Wife is entitled to credit for these payments, if made with her separate funds. There is no indication the trial court gave any consideration to Wife's purported payments. If on remand the trial court determines Wife's payments were made using her separate funds, it should credit Wife the equivalent amount either through direct reimbursement or through an increase in her share of the marital estate.

## XI. Distributive Award

Wife argues the trial court erred by ordering an additional distributive award after awarding Husband in excess of 81% of the marital estate.

## A. Standard of Review

"[T]his Court reviews the trial court's actual distribution decision for abuse of discretion." *Mugno*, 205 N.C. App. at 276, 695 S.E.2d at 498 (citation omitted). An equitable distribution judgment "will not be disturbed absent a clear abuse of discretion." *Wiencek-Adams,* 331 N.C. at 691, 417 S.E.2d at 451.

## B. Analysis

The North Carolina General Statutes define "distributive award" as:

> Payments that are payable either in a lump sum or over a period of time in fixed amounts, but shall not include alimony payments or other similar payments for support and maintenance which are treated as ordinary income to the recipient under the Internal Revenue Code.

N.C. Gen. Stat. § 50-20(b)(3) (2023).

The statute further states "[t]here shall be an equal division by using net value of marital property and net value of divisible property unless the court determines that an equal division is not equitable. N.C. Gen. Stat. § 50-20(c) (2023). "[I]t shall be presumed in every action that an in-kind distribution of marital property or divisible property is equitable," however, "[t]his presumption may be rebutted by the greater weight of the evidence[.]" N.C. Gen. Stat. § 50-20(e) (2023).

"[I]f the trial court determines the presumption of an in-kind distribution has been rebutted, it must make findings of fact and conclusions of law in support of that determination." *Urciolo*, 166 N.C. App. at 507, 601 S.E.2d at 908. Should the trial court determine the presumption of an in-kind distribution has been rebutted, the statutes instruct the court to "provide for a distributive award in order to achieve equity between the parties[.]" N.C. Gen. Stat. § 50-20(e).

Wife asserts "the trial court does not make any findings of fact to support that an in-kind distribution has been rebutted nor does i[t] make any findings of fact to support the payment of a distributive award." This assertion is unsupported and misplaced.

In *Hill v. Sanderson*, the trial court made numerous "findings corresponding with . . . the twelve distributional factors set forth in N.C. Gen. Stat. § 50-20(c)." *Hill v. Sanderson*, 244 N.C. App. 219, 240, 781 S.E.2d 29, 44 (2015). This Court "conclude[d] the trial court made sufficient findings to indicate its basis for entering

a distributive award and did not abuse its discretion by ordering a distributive award based on the distributional factors it considered." *Id.* at 241, 781 S.E.2d at 44.

Here, the trial court made considerable and detailed findings regarding the distributional factors set forth in N.C. Gen. Stat. § 50-20(c). Wife has failed to carry or meet the substantial burden of demonstrating the trial court abused its discretion by acting in a manner that is "so arbitrary that it could not have been the result of a reasoned decision." *Id.* at 224, 781 S.E.2d at 34 (citation omitted). Wife's argument is overruled.

## XII.    Unequal Distribution

Wife argues the trial court erroneously ordered an unequal distribution of the marital estate. In light of this Court's holdings to vacate in part and remand for further proceedings, the trial court's equitable distribution award is vacated and this cause remanded for the exercise of the trial court's discretion and entry of a judgment after consideration of the conclusions and mandate herein.

## XIII.    Conclusion

We affirm the trial court's findings and conclusions to classify the post-separation loan as marital debt, to distribute the foreclosure debt to Wife, to classifying vehicles as the property of Husband and Wife's respective children, to credit Husband for the mortgage payments on the marital residence, and the distributive award to Husband.

We reverse the trial court's classification of Husband's scaffolding as a part of

the marital estate, the classification of Husband's business as a marital asset, and the court's failure to credit Wife for her mortgage and *ad valorem* taxes payments, if any, paid from her separate funds on the marital residence.

We vacate the equitable distribution award and remand for further consideration and entry of a new order consistent therewith. In its discretion the trial court may take additional evidence and consider additional factors. *It is so ordered.*

AFFIRMED IN PART, REVERSED IN PART, VACATED AND REMANDED.

Judges STADING and THOMPSON concur.